[No. 7950.    Decided April 8, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Fred C.
Pugh, as Prosecuting Attorney of Spokane County,
Relator*, v. THE SUPERIOR COURT FOR SPOKANE
COUNTY, *Respondent*.[1]

CERTIORARI—PROCEEDINGS—RIGHT TO INSTRUCTIONS — PARTIES IN-
TERESTED—PROSECUTING ATTORNEY—DUTIES BEFORE GRAND JURY. In-
structions to a grand jury directing them, in effect, not to permit
the prosecuting attorney or his deputy to take a stenographic re-
port of the evidence of the witnesses produced before the grand jury,
are not matters reviewable on certiorari at the instance of the
prosecuting attorney, or orders directed against him in a proceeding
in which he is a party in the sense that he would have any review-
able interest therein (MORRIS, FULLERTON, and DUNBAR, JJ., dissent-
ing).

SAME—INSTRUCTIONS TO GRAND JURY—FORMALITY OF ORDERS RE-
VIEWABLE ON CERTIORARI. Such instructions stating the views of the
court as to the grand jury's duty, not in the form of a final order
or judgment against the prosecuting attorney, are not so specific or
certain as to present any question for review on certiorari (MORRIS,
FULLERTON, and DUNBAR, JJ., dissenting).

Application for a writ of certiorari to review orders of the
superior court for Spokane county, Huneke, J., entered
March 12, 13, and 17, 1909, in instructions to a grand jury.
Denied, upon demurrer to the application.

*Fred C. Pugh, pro se*, contended, *inter alia*, that the grand
jury is to follow the rules of the common law, so far as not
affected by statute. Bish. Crim. Proc. § 862. The prose-
cuting attorney has the same powers and duties as at com-

[1]Reported in 100 Pac. 978.

mon law. Bal. Code, §§ 6812, 6813, 6841 (P. C. §§ 2053, 2054, 2094). He can explain both his case and the law to the jurors. *United States v. Cobban*, 127 Fed. 713; *United States v. Nutchell*, 136 Fed. 907. His presence during the voting has been held to be a mere irregularity. *United States v. Cobban, supra; United States v. Terry*, 39 Fed. 355; 1 Chit. Crim. Law 317. His presence does not violate the rule of secrecy. 10 Ency. Pl. & Pr. 399; *Commonwealth v. Bradney*, 125 Pa. St. 204, 11 Am. St. 886; *State v. Brewster*, 70 Vt. 341, 40 Atl. 1037, 42 L. R. A. 444. He is to control the evidence and advise as to matters of procedure. 1 Whart. Crim. Law, § 495; *United States v. Kilpatrick*, 16 Fed. 766; 17 Am. & Eng. Ency. Law, 1792, 1793. He may take with him into the grand jury room his assistant, deputy clerk or stenographer to assist him. Clarke's Crim. Proc., p. 113; 22 Cyc. p. 1336; 17 Am. & Eng. Ency. Law, 1293; Proffatt, Jury Trial, § 57; Thompson & Merriam, Juries, § 632; *State v. Baker*, 33 W. Va. 319, 10 S. E. 639; *United States v. Reed*, 2 Blatchf. 435, 27 Fed. Cas. 734; *Franklin v. Commonwealth*, 20 Ky. 1137, 48 S. W. 986; *Raymond v. People*, 2 Colo. App. 329, 30 Pac. 504. A stenographer acting under direction of the prosecuting attorney does not violate the secrecy of the jury room. 20 Cyc. 1340-1342; *Sims v. State* (Tex.), 42 S. W. 705; *Courtney v. State*, 5 Ind. App. 356, 32 N. E. 335; *United States v. Simmons*, 46 Fed. 65. The prosecuting attorney may take down the evidence if able. *State v. Bates*, 148 Ind. 610, 48 N. E. 2. The reason for the rule of secrecy does not militate against taking down the evidence for the benefit of the state. *State v. Brewster, United States v. Cobban*, and *State v. Bates, supra; Crocker v. State*, 19 Tenn. 116; Chit. Crim. Law 317; *United States v. Farrington*, 5 Fed. 347; 1 Greenl. Ev. § 252; *State v. Clough*, 49 Me. 576; 1 Arch. Crim. Prac. & Pl. pp. 504-506; Proffatt, Jury Trial, § 48; *In re Atwell*, 140 Fed. 368; *State v. Bowman*, 90 Me. 363, 38 Atl. 331, 60 Am. St. 266; *In re District Attorney*, 7 Fed. Cas. 3025; *Hopper v. State*,

10 Ark. 535. Our statute providing that the grand jury *may* appoint a clerk to keep a minute of the proceedings is merely permissive and not mandatory. Bal. Code, § 6829 (P. C. § 2074); Deady's Laws of Oregon, 1845-1846, pp. 451, 452; *Medbury v. Swan*, 46 N. Y. 200; 5 Words and Phrases, 4420. And Bal. Code, § 6829 (P. C. § 2074), contemplates minutes of the evidence. A writ of certiorari lies to review the charge of the court to the grand jury in such a case as this. *State ex rel. Nolan v. District Court*, 22 Mont. 25, 55 Pac. 916.

*P. C. Sullivan, Post, Avery & Higgins*, and *Graves, Kizer & Graves*, for respondent.

PARKER, J.—This is an application by the prosecuting attorney of Spokane county, as relator, for a writ of certiorari, to the end that he may have this court review and correct certain instructions, given by the Honorable William A. Huneke, as Judge of the Superior Court for Spokane county, to the grand jury in attendance upon that court; which instructions, the relator contends, amount to orders of the court against him, and unduly restrict his rights and duties under the law as prosecuting attorney.

Upon filing the application of the relator, the matter was noticed for hearing by order to show cause why the writ should not issue, returnable March 26, 1909, when the respondent demurred to the affidavit and application upon the ground that it "does not state facts sufficient to authorize the issuance of a writ," and upon several other more specifically enumerated grounds, which, however, are included in this general one.

The affidavit of the relator is very voluminous, containing fifty-eight pages of typewritten matter, and made up largely of what is apparently a stenographic report of the court's instructions complained of, its explanations and comments thereon, including conversations and discussions relating thereto between the court, the jurors, and the relator, in open

court, on several different days.   The substance·of the instructions complained of is stated in relator's assignment of error in his brief as follows:

"(1) The court erred in giving to the grand jury, on his own motion, after the jury had been charged, the instruction in the nature of an order in substance that the prosecutor's duties with reference to the grand jury are, to examine witnesses, to give such advice as they may ask, and to prepare all indictments and processes, nothing more.  If he should attempt to do other things it would be your duty to direct him to cease, and if he persisted you should report such action to the court.

"(2) The court erred in giving the grand jury, on his own motion and after the jury had been charged that instruction, in the nature of an order, to the effect that if the prosecuting attorney, or his deputy is taking shorthand notes of the testimony, you should at once satisfy yourselves whether he is justified in doing so, that is, whether he is in fact *taking such brief memoranda* of the testimony *as will be reasonably helpful* in the examination of that or other witnesses, or if he is going beyond that, and if he is going beyond that then you should direct him to cease, and if he persists in doing so, then report his action to the court.

"(3) The court erred in instructing the grand jury on his own motion, and after the jury had been charged, as follows: 'A stenographer, not a grand juror, had no right in the jury room.'

"(4) The court erred in instructing the grand jury on his own motion, and after the jury had been charged, 'The only provision in the statute for taking minutes of the testimony is that the grand jury may appoint a clerk from among their number to do this.  The statute also contemplates that the grand jury must control such minutes, either until destroyed, or made a matter of public record.  It stands to reason that notes of testimony, taken by some one not a member of the grand jury would not be under the control of the grand jury, so that while the law required all testimony in certain cases to be suppressed, still copies of the testimony taken by an *outsider* might be scattered broadcast.'

"(5) The court erred in refusing the request of the grand jury that 'the court allow the prosecuting attorney, or his

deputies to take down such evidence of witnesses as the grand jury deem necessary from time to time.'

"(6)    The court erred in instructing the grand jury as follows; in respect to their request that they could not check or prevent the commission of perjury without the right to have the evidence, or parts thereof in shorthand, 'It is not for you to determine whether a witness commits perjury or not.' "

In addition, the application shows that the court indulged in considerable comment upon, and explanation of, the instructions quoted in the assignments of error, leaving some uncertainty as to what extent the grand jury were to allow the taking of testimony of witnesses, in writing or shorthand, by others than themselves or their clerk, leaving that matter somewhat within their discretion.

These instructions, and comments thereon, by the learned judge of the superior court, do not, in our opinion, present matters reviewable in this court at the instance of the prosecuting attorney, they are simply statements to the grand jury of what the judge conceives the law of this state to be touching *their* duties, relating to the actions of the prosecuting attorney and others while in their presence during the examination of witnesses.

The instructions and remarks of the court may to some degree contain the suggestion that the prosecuting attorney might be subject to contempt proceedings in the event he should go beyond the somewhat uncertain bounds indicated by the court to the grand jury as the limits of his rights and duties, but we do not regard that such instructions and comments thereon amount to orders directed against the prosecuting attorney in a proceeding in which he is a party, in the sense that he has a reviewable interest therein, nor are the instructions, together with the court's comments thereon, so certain and specific against the prosecuting attorney that we can indulge the presumption the superior court will unlawfully interfere with his official duties.

The only decision called to our attention which we regard as touching the question of the right of the relator to have the action of the learned superior court reviewed, is that of *State ex rel. Nolan v. District Court*, 22 Mont. 25, 55 Pac. 916. In that case, in his charge to the grand jury, the judge of the district court directed and ordered that no person as legal adviser should be consulted by the grand jury other than the county attorney, and that in the examination of witnesses before the grand jury no other person had the legal right and authority to appear. The legislative assembly by resolution having directed the attorney general to assist the county attorney in the investigation of certain bribery charges, then before the grand jury. Upon application to the district court for permission whereby the attorney general might appear before the grand jury, the judge of the district court refused said application, and ordered and adjudged that the attorney general had no authority to appear before the grand jury, or in any way aid or assist in the investigation of the charges being inquired into. We think that case is distinguishable from the one before us. In that case it appears that the attorney general in his own behalf presented his application to the lower court raising the specific question of his right to appear before the grand jury and assist the prosecuting attorney, upon which, the lower court made a specific ruling and final order against him. In the case before us, the views of the learned superior court were only expressed in his instructions to the grand jury, were not in the form of a final order or judgment against the prosecuting attorney, nor were they so specific and certain as to what the prosecuting attorney and his assistants might do in the presence of the grand jury as to enable us to intelligently review them here, even though we were of the opinion they are reviewable. It seems to us that any view this court might express at this time upon the matters presented by this application would be, in effect, anticipating the learned superior court's future action, and giving advice thereon, rather than

revising its action already taken. The function of this court is revisory, not advisory.

A great many decisions from other jurisdictions have been called to our attention by the relator, practically all of which deal with pleas or motions directed against indictments by defendants who conceive themselves to be unlawfully indicted by reason of what occurred in the presence of the grand jury. Even if these decisions should be considered as an aid in testing the correctness of the learned superior court's instructions and remarks to the grand jury as here shown, they do not, in our opinion, throw any light upon the right of the prosecuting attorney to have those instructions and remarks reviewed in this proceeding.

We are of the opinion that the matters here presented are not reviewable at the instance of the prosecuting attorney, and therefore conclude that the writ should be denied.

It is so ordered.

MOUNT, CROW, CHADWICK, and GOSE, JJ., concur.

MORRIS, J. (dissenting)—I dissent. The majority hold that the relator is not a "party beneficially interested," and that the application presents no reviewable question. I cannot concur in either of these holdings. Bal. Code, § 6812 (P. C. § 2053), provides that, "The prosecuting attorney shall attend on the grand jury for the purpose of examining witnesses and giving them such advice as they may ask." Here is a mandatory duty imposed upon the prosecuting attorney, making him an integral part of the machinery of the grand jury. Suppose that the prosecuting attorney refused to "attend on the grand jury." Could not the court by its order compel him to so attend and perform the duties of his office? The prosecuting attorney cannot shirk this duty if he would. He had no discretionary power in the matter. He must obey the plain mandate of the statute, and if he refuse, he subjects himself to the proper order of the court to the same extent as does his refusal to perform any other function

of his office.   If, then, the court by its rule or instruction, whatever the character of the order may be, restrains the prosecuting attorney from such attendance, or deprives him of any duty imposed upon him, can it be said the prosecuting attorney is not interested?   Let us suppose that the court in its instruction to the grand jury should say to them, "No person other than the grand jurors or such witnesses as they may summon shall be permitted. to enter the grand jury room;" or, "You will not permit any person not a member of your body to examine any witness that may appear before you."   Must the prosecuting attorney supinely bow to such rule and not assert the dignity of his office by seeking a review?   Has his office no rights that can be trespassed upon? Is he not "beneficially interested" in obtaining from a court of competent jurisdiction such an interpretation of the statute as will permit him to discharge the duties of his office? Or must he wait until he has been punished as for contempt because he asserts the rights conferred by statute upon his office, before he becomes "beneficially interested?"   I think not.

The second holding of the majority, to the effect that the case here presents no reviewable order, is to my mind equally untenable.   It is not the character, but the effect, of the rule that must be regarded.   If the court should solemnly enter an order in its journal and append its signature thereto, reciting either of the rules I have above suggested, could it be said such a rule would not be reviewable?   So far as the grand jury and the prosecuting attorney are concerned, the rule is as binding and as effectual, when given in the form of an instruction, as when formally entered in the record. The fact that it is in the form of an instruction robs it of none of its force or strength, either present or potential. There is no different or less meaning to be attributed to it. Is it any less a formal order of the court in the matter because the court does not formally enter what it has formally announced and ruled?

For these reasons, I am of the opinion that the prosecuting attorney has sufficient interest to become a relator herein, and that the matter suggested presents questions reviewable here. The writ should issue.

FULLERTON and DUNBAR, JJ., concur with MORRIS, J.