STATE EX REL. NOLAN, ATTORNEY GENERAL, *v.* DISTRICT COURT OF FIRST JUDICIAL DISTRICT, ET AL., RESPONDENTS.

[No. 1351.]

[Submitted January 14, 1899.    Decided January 16, 1899.]

*Attorney General—Right to Attend Grand Jury.*

1.  Political Code, Art. 8, Section 460, requires the Attorney General to exercise a supervisory power over County Attorneys, and, when required by the public service or directed by the Governor, to assist them in the] discharge of such duties.    Section 4450 requires the County Attorney, among other things, to attend and give advice to the grand jury. *Held* that, on the happening of the specified contingency, the Attorney General has the right to appear before the grand jury, and examine witnesses before it, in assisting a County Attorney.
2.  The right of the Attorney General to so attend is not affected by Penal Code, Sections 1788, 1910, allowing only the County Attorney to be present before the grand jury, and invalidating indictments considered while any other outsider was present.

PETITION by C. B. Nolan, Attorney General of the State of Montana, for *certiorari* to the District Court of the First Judicial District, in and for the county of Lewis and Clarke, and Sidney H. McIntire, Judge thereof.    Writ awarded.

Statement of the case by the Justice delivering the opinion.

CERTIORARI.—The Attorney General of the State, C. B. Nolan, prays for a writ of review of the action of the District Court of Lewis and Clarke County in denying him the right to

appear before a grand jury, and assist the County Attorney of said county in conducting the examination.of witnesses before such grand jury. The petition discloses that Hon. S. H. McIntire, a Judge of the District Court of the First Judicial District, duly impaneled a grand jury to inquire into all public offenses cognizable and triable in Lewis and Clarke County; that, in charging the grand jury, the Judge of the said District Court directed and ordered that no person, as legal adviser, should be consulted by the grand jury other than the County Attorney of Lewis and Clarke County, and that, in the examination of witnesses before the grand jury, no person other than the said County Attorney, as aforesaid, had the legal right and authority to appear before the grand jury. Petitioner avers that the grand jury was convened for the purpose of conducting an investigation respecting bribery charges, made by certain members of the Sixth Legislative Assembly, consequent upon a senatorial election now pending before said legislative body, and that the Judge of the District Court expressly directed the attention of the grand jury to said bribery charges. It is further averred that the said Legislative Assembly, by resolution duly adopted, requested and directed the Attorney General to assist the County Attorney of Lewis and Clarke County in the investigation of said bribery charges, and that, upon application to the said District Court for permission whereby the Attorney General might appear before said grand jury, the Judge of said District Court refused said application, and ordered and adjudged that the Attorney General had no authority to appear before the grand jury, or in any way aid or assist in the investigation of the charges being inquired into.

The petitioner says that, under the provisions of law, as Attorney General he has the right and authority to appear before the grand jury, and to direct proceedings before said body; that his authority is superior to that vested in the County Attorney, and that the order of the court, made as aforesaid, is without authority and void.

The writ prayed for is one commanding the District Judge

to certify and return to the Supreme Court the records of the proceedings of said Judge respecting said order, to the end that the decision may be reviewed and corrected by this Court. The record certified to this Court shows the impaneling and charging of the grand jury, and the action of the Attorney General, together with the orders of the Court—all as substantially stated above.

*C. B. Nolan, Attorney General,* in *pro. per.*

*O. McConnell,* for Respondents.

HUNT, J.—The Attorney General of the State is required by the Constitution (Art. VII, Sec. 1) to perform such duties as are prescribed in the Constitution and laws of the State. Inasmuch, however, as there appear to be by the Constitution no powers or duties specifically delegated to that officer whereby he is clothed with supervisory powers over other or inferior legal officers of the State, or any subordinate government therein, or directing him to assist such other and inferior officers in the performance of their duties, we must turn to the laws, there to ascertain what, if any, such duties are prescribed, and what are the extent and limitations of his official authority.

Enumeration of his duties is made by Article VIII, Secs. 460 *et seq.,* Political Code. Among other requirements therein mentioned, he is to exercise a supervisory power over county attorneys in all matters pertaining to the duties of their offices, and from time to time to require of them reports as to the condition of public business intrusted to their charge.

A duty to exercise supervisory power clearly implies the possession of supervisory power. There is, therefore, in the Attorney General a right to oversee for direction, to inspect with an authority all matters pertaining to the duties of the county attorneys of the State, and to direct with superintending oversight the official conduct and acts of such officials; and it is his prescribed duty to exercise and perform these acts, and to do whatever may be necessary and proper to render his

power in these respects effective. Duty to exercise general supervisory power over county attorneys would not, however, necessarily carry with it a duty to actively assist a county attorney in the discharge of his duties, for supervision might be exerted without actual assistance. Thus, in the preparation of an important argument, the Attorney General might, under the power of supervision, communicate by letter with a county attorney, directing the pleadings to be relied on, or the line of argument to be pursued, and the general conduct of the trial, even though such course conflict with the county attorney's wishes ; yet be absent throughout the whole proceedings so conducted under his supervision. In this single clause of the statute, therefore, we do not find a duty detailed to the Attorney General to personally actually assist a county attorney in the performance of the latter's duties. Proceeding, evidently, with this view of what are the Attorney General's *supervisory* powers over county attorneys, the Legislature stepped further, and, guided by the public interests, announced by another special clause of the statute cited, as one of the Attorney General's duties, that he shall, "when required by the public service, or directed by the Governor, to assist the county attorney of any county in the discharge of his duties." Here we have a specific direction by which the Attorney General is to do more than to exercise those supervisory powers contemplated by previous requirements of the law—he is to *assist* the county attorney in the discharge of his duties when the public service requires it, or when the Governor directs him to give such assistance. This assistance is to be actual, and, by fair contemplation of the statute, should be by the presence and participation of the Attorney General, if his presence may be had. The supervisory power, heretofore discussed, always vests in the Attorney General, and accompanies him wherever he may go in the discharge of his duties; but under subdivision 7, quoted, superadded to the duty of supervision is that of actual assistance to be rendered whenever the contingencies referred to in the section have arisen. Nor is there any limit whatever to the assistance to

be given—no point where it is to begin or to end, except the bound of the official duty of the county attorney. Just so long as the county attorney has a duty to discharge, and just so far as he may go in discharging it, so long is it the right and obligation of the Attorney General to actively assist him in the discharge of such a duty; and equally far in executing the duty shall he go when the public service requires it, or when directed to assist by the Governor.

The policy of the law is easily discerned. The Attorney General is the principal law officer of the State. His duties are general; his authority is co-extensive with public legal affairs of the whole community. His advice often affects the rights of all persons within the State, and, excepting judgments and orders of court, his opinions control public interests more largely than do the acts of any other official of the State. Responsibilities of so high a character are usually put upon a lawyer of ability, experience and character, and, presuming the Attorney General to be such, the statute has given him the significant, yet extensive, powers referred to. Again, exigent times occasionally arise in the affairs of a state, where local considerations render it impolitic to intrust a county attorney with the discharge of his duty unaided by learned counsel representing the supreme authority of the State. Circumstances sometimes demand that there shall not only be a supervisory action, but an assistance to an inferior official as well, to the end that justice may be more certainly attained. When considerations of this nature move the Attorney General, or, even when they do not move him, yet the Governor is moved by them, and directs him to exert his authority, he shall assist the county attorney, and must do so in the discharge of the duties which the county attorney is required by law to perform.

In the particular matter under consideration, the requirements of the public service have been expressed by the lawmakers themselves, in the form of a resolution requesting and directing the Attorney General to assist the County Attorney in the investigation of bribery charges made by certain mem-

bers of the Legislative Assembly, convened on January 2, 1899, connected with the election of a Senator of the United States, now pending before the Legislature of the State. True, these resolutions have not the strength of law, but they are entitled to that high respect due to the solemn declarations of the wishes of the representatives of the people who are to elect a senator, while they furnish ample ground upon which the Attorney General may put to use the authority of his office, predicating a statement thereon that the requirements of the public service make it his duty to assist the County Attorney in the discharge of his duties.

From these observations concerning the power to supervise and assist where properly set in motion, we pass to the inquiry, what are the duties to be discharged by a county attorney? He is a public prosecutor ; required to attend the District Court, institute proceedings before magistrates, attend before and give advice to the grand jury, draw all indictments and informations, advise county commissioners, and to perform various other duties prescribed by Sections 4450 *et seq.* of the Political Code. No duty, though, is laid down for him to do, in the performance of which he can escape the supervisory powers of the Attorney General; nor is there any official act to be discharged by him in the performance of which he may not, where public interests require it, be assisted by that official expressly authorized and empowered to assist him. The statutes defining the duties of the county attorney do not curtail or restrict in any manner whatsoever the duties or powers of the Attorney General, or vest any authority in the county attorney exclusively where public service requires that the Attorney General assist him. The Attorney General may, in his assistance, do every act that the county attorney can perform, and, in his supervision, may even undo any that he has already done. The statutes prescribing the duties of each are in perfect harmony, and a complete system is established by which the State is secured local counsel in all cases ordinarily arising, with general counsel to supervise, and to be present and assist in matters of extraordinary moment.

It is suggested that the Attorney General cannot conduct examinations before the grand jury, because of Section 1910 of the Penal Code, which provides that an indictment must be set aside when a person is present during the session of the grand jury, and when the charge embraced in the indictment is under consideration, except as provided in Section 1788. Section 1788 of the Penal Code is as follows:

"The grand jury may, at all reasonable times, ask the advice of the court, or the judge thereof, or of the county attorney; but unless such advice is asked, the judge of the court must not be present during the sessions of the grand jury. The county attorney of the county may at all times appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable by them, and may interrogate witnesses before them whenever they or he thinks it necessary ; but no other person is permitted to be present during the sessions of the grand jury except the members and witnesses actually under examination, and no person must be permitted to be present during the expression of their opinions or giving their votes upon any matter before them."

The objects of this statute are to preserve to the body alone clothed with authority of indicting for public offenses—the grand jury—a right to have witnesses interrogated by official counsel at its sessions, and to keep the proceedings of that body as secret as possible by excluding therefrom those not vested with official authority; but this provision is part of Chapter IV. of the Penal Code, pertaining to the powers and duties of grand juries, and not to those of the county attorney or the Attorney General, the scope of whose authority and duties is elsewhere specially provided for by the law, hereinbefore discussed in this opinion. There is no inconsistency between Section 1788 and the statutes controlling the duties of the Attorney General and of the county attorney; for, as we have seen, it being the right of the Attorney General to assist by doing whatever the county attorney may do, no statute regulating the procedure of grand juries, and designating those who may be present at their sessions, and who

shall not be, should be construed to permit the county attorney only to be present, yet to exclude the Attorney General, the superior officer directed to assist him. The construction contended for would, logically, deny to the Attorney General the very right accorded him—to assist the county attorney in the discharge of his duties. It would impose a sweeping limitation upon the language defining the duties of the Attorney General, and would qualify the extent of that express supervisory power over county attorneys which is unqualifiedly given by the source of that power—the law itself. We cannot adopt a construction of Section 1788 which will confine the power of the Attorney General within narrow limitations, which are neither expressed nor implied in the law prescribing the duties of the Attorney General or of the county attorney, and which we believe to be wholly against the letter as well as the spirit of the law.

Cases where strangers or unofficial counsel have been permitted to remain in a grand jury room during the sessions of that body are inapplicable, for no such case appears by petitioner's affidavit. Our decision rests upon the delegation of authority to the Attorney General to assist the county attorney, the public service requiring it, and upon the broad ground that, under the law, assistance means personal participation and help to the county attorney in the lawful discharge of his official duties, no matter what the tribunal or body may be wherein the duty lies, and no matter what the nature of the official duty may be. If the county attorney can act, the Attorney General can assist and do that same act. The Attorney General is, therefore, entitled to have the writ prayed for issue.

The court expresses its obligations to all counsel appearing, for the fair and impartial manner in which the several points involved have been presented.

*Let the writ issue.*

BRANTLY, C. J., and PIGOTT, J., concur.