THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* LEONARD ROBINS, Defendant-Appellee.

(No. 13045; ▮▮▮▮▮▮▮▮▮

Fourth District—November 20, 1975.

*Modified upon denial of rehearing January 22, 1976.*

C. Joseph Cavanagh, State's Attorney, of Springfield (Wayne Golomb, Assistant State's Attorney, and Terry Lee Fields, Law Student, of counsel), for the People.

Richard A. Hollis, of Springfield, for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

On May 24, 1973, John Green, an employee of the Department of Revenue of the State of Illinois, after a finding of probable cause made by a judge of the circuit court of Sangamon County, filed a complaint charging the defendant-appellee Leonard Robins with the filing of false and fraudulent Retailer's Occupation Tax Returns in violation of section 13 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1971, ch. 120, § 452). The alleged violations occurred during the years 1971 and 1972. The violation is, by the statute, designated a misdemeanor.

On June 26, 1973, defendant filed a document entitled "Special Plea in Bar and/or Abatement." The thrust of the plea was that the Attorney General of the State of Illinois was not "* * * the proper prosecuting authority * * *" to initiate or to prosecute the complaint.

Although there is no written order or docket entry, the associate judge's recollection was that the Attorney General was ordered to respond to the plea by August 10, 1973. On August 10, 1973, the Attorney General filed an answer and memorandum of law contending that he did have authority to prosecute the case. To the answer was attached proof of service of a copy to defendant's attorney. Subsequently, it appears that the trial judge was unaware that the answer had been filed, and nothing further occurred until January 29, 1974, when an assistant attorney general called the trial judge's attention to the fact that no ruling had been made on defendant's motion and the answer thereto. The judge then indicated that a ruling would be made on February 21, 1974. On that date the Assistant State's Attorney of Sangamon County appeared and advised the judge that they were assuming prosecution of the case, and that the Attorney General had withdrawn, thereby rendering moot the issues raised by defendant's motion and the answer thereto.

On April 11, 1974, the defendant filed a second "Plea in Bar and/or Abatement." This motion sought dismissal of the complaint on the ground that prosecution was barred by the 18-month statute of limitations (Ill. Rev. Stat. 1973, ch. 38, § 3—5(b)). He urged the offense was allegedly committed on or before May 25, 1972, and that more than 18 months passed "* * * before a proper prosecution was begun by

the State's Attorney of Sangamon County on February 21, 1974." Since defendant had never demanded speedy trial, the motion also urged that defendant's constitutional right to a speedy trial was abridged. Some 4 months later, on June 19, 1974, the trial judge, in a letter to counsel, informed them that he had decided to dismiss the complaint on the ground that the Attorney General had no authority to initiate the prosecution in question though he did have authority to assist the State's Attorney, thus holding, in effect, that prosecution was not commenced until February 21, 1974, the date on which the Attorney General withdrew and the State's Attorney assumed the prosecution. A written order was entered on June 21, 1974. No ruling was made on defendant's speedy trial issue.

On July 12, 1974, the State's Attorney filed a petition for reconsideration of the decision dismissing the complaint and appended an extensive brief thereto. On August 14, 1974, the defendant filed a response thereto claiming that no such petition could be entertained. On August 19, 1974, the State's Attorney filed a motion to vacate all orders previously entered. Both of the foregoing motions were denied on October 28, 1974. This court granted leave to the State to file late notice of appeal from the order entered October 28, 1974.

■■ Defendant argues that this court lacks jurisdiction because the only appealable order in the case was entered on June 21, 1974, and that the State's request for late notice of appeal was too late under the Supreme Court Rule (Ill. Rev. Stat. 1973, ch. 110A, § 606). Public policy clearly favors correction of errors at the trial level. We have previously held that a motion to reconsider is an appropriate method to be utilized in directing the attention of the trial judge to claim of error. (*Childress v. State Farm Mutual Automobile Insurance Co.* (1968), 97 Ill.App.2d 112, 239 N.E.2d 492.) The time for appeal commenced with the denial of that motion.

Whether or not the prosecution in this case was commenced within the 18-month period of limitations is determinative of the correctness of the trial judge's ruling in dismissing the complaint. The term "prosecution" is defined as follows in section 2—16 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, § 2—16):

> "'Prosecution' means all legal proceedings by which a person's liability for an offense is determined, *commencing with the return of the indictment or the issuance of the information,* and including the final disposition of the case upon appeal." (Emphasis supplied.)

Section 111—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, § 111—1) provides:

"Methods of Prosecution.

When authorized by law a prosecution may be commenced by:

(a) A complaint;

(b) An information;

(c) An indictment."

Under the provision of section 111—2(a), (b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, § 111—2(a), (b)) misdemeanors may be prosecuted by complaint, and, upon waiver of indictment, so may felonies. The defendant attaches great weight to the omission of the word "complaint" from the definition of "prosecution" contained in section 2—16. However, despite the statutory definition section 111—1 unequivocally authorizes commencement of prosecution by complaint and section 111—2(a), (b) specifically prescribes when that method of commencing a prosecution is permissible. We also note that section 102—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, § 102—2) provides:

"Reference to Criminal Code for Words and Phrases Not Described. A word or phrase not described in this Code but which is described in Article 2 of the 'Criminal Code of 1961', approved July 28, 1961, as heretofore and hereafter amended, shall have the meaning therein described, except when a particular context in this Code clearly requires a different meaning."

■■ In view of the provisions of the statutes above cited it is clear that the statutory definition of "prosecution" must be read to include the word "complaint".

■■ Defendant further contends that "* * * the proper prosecuting attorney must take some action within the period of limitations for the prosecution to extend beyond 18 months of the act constituting the offense." This proposition is unsupported by any citation of authority, and we find no merit in this contention.

■■ Defendant also argues that the Attorney General was not "* *· * the proper prosecuting attorney * * *" and that prosecution was not commenced until the appearance of the State's Attorney which occurred after the running of the statute of limitations. When a prosecution is commenced is governed by statute as we have stated above. The concept does not depend upon a determination of who carried the complaint into the clerk's office for filing, or upon who showed up in the courtroom.

■■ According to statute the Attorney General "* * * when, in his judgment, the interest of the people of the State requires it, * * * shall attend the trial of any party accused of crime, and assist in the prosecution." (Ill. Rev. Stat. 1973, ch. 14, § 4.) Nothing in the record indicates any objection by the State's Attorney to the appearance in this action

of the Attorney General. The Attorney General has no obligation to show any authority for his appearance. (*People v. Looney*, 314 Ill. 150, 145 N.E. 365.) In *Looney*, the Attorney General appeared before the grand jury and represented the People in preliminary motions as well as at trial. A motion to quash the indictment and an objection to the appearance of the Attorney General were filed. The motions were denied and the issue of the authority of the Attorney General to appear were raised on appeal. The court stated:

> "If the State's Attorney, without objection, permits the Attorney General to appear in court assisting in the prosecution of one accused of crime, it certainly does not lie in the mouth of the defendant to object." 314 Ill. 150, 154, 145 N.E. 365, 367.

It is clear that defendant had no grounds on which to object to the appearance of the Attorney General in this action. The argument that prosecution did not commence until the appearance of the State's Attorney is therefore untenable.

Lastly defendant argues that his right to constitutional speedy trial was abridged. Four factors are relevant in deciding this issue: length of delay, reasons for delay, prejudice to defendant and defendant's assertion of his rights. *Barker v. Wingo* (1972), 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182.

■■ We note that the trial judge made no ruling on this question, and there is nothing in the record to suggest that defendant made any effort to secure such a ruling prior to preparing the written order prepared after the judge had indicated the basis for his ruling. No demand for speedy trial was made. His motions were unusual and, in part, were tantamount to a special and limited appearance. The only substantial delay occurred between August, 1973, and January, 1974, when the defendant's special plea in bar and/or abatement was pending. The State filed its answer within the time fixed by the court, and it was the State which called the judge's attention to the fact that he had made no ruling. There is nothing in the record to indicate defendant's desire for speedy resolution of the issues created by his motions. We hold that defendant's constitutional right to speedy trial has not been violated.

The judgment is reversed and the cause remanded with directions that the complaint be reinstated.

GREEN and TRAPP, JJ., concur.