(No. 50113

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. BENEDETTO J. MASSARELLA *et al.*, Appellees.

*Opinion filed Oct. 6, 1978.—Rehearing denied Dec. 1, 1978.*

WARD, C.J., dissenting.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Herbert Lee

Caplan, Donald B. Mackay, and John F. Podliska, Assistant Attorneys General, of Chicago, of counsel), for the People.

Julius Lucius Echeles, Frederick F. Cohn, and Carolyn Jaffe, of Chicago, for appellees.

MR. JUSTICE CLARK delivered the opinion of the court:

The issue is whether the Attorney General properly appeared on behalf of the People before the grand jury. The Cook County grand jury on June 8, 1973, returned a 49-count indictment for conspiracy, perjury, theft and tax evasion against Benedetto J. Massarella; Bee Jay's Truck Stop, Inc., a corporation of which Massarella was president and sole shareholder; Mideast Transport, Inc., a corporation controlled by Massarella; and several others. Prior to trial, all but five counts were dismissed. Massarella was found guilty by a jury of conspiracy, theft and one count of perjury; sentenced to five years' probation, including two years' periodic imprisonment (for theft) and one to three years in the penitentiary (for perjury), both sentences to run concurrently; and ordered to pay a $10,000 fine and $425,407 in restitution to the State.

Massarella raised 15 issues for review before the appellate court, which reversed the conviction on the basis of one of those issues. (53 Ill. App. 3d 774.) Massarella had argued, as he does here, that the indictment should have been dismissed due to the Attorney General's presentation to the grand jury and prosecution of the case, which were, he maintains, unauthorized and prejudicial. The appellate court agreed, finding that the Attorney General's common law powers were not so broad as to allow him to "take exclusive charge" of the prosecution, that the Attorney General was statutorily limited to "assisting" the State's Attorney in the prosecution of the case and could not assist the State's Attorney absent a

request, and that the statutory provision for grand jury secrecy (Ill. Rev. Stat. 1973, ch. 38, par. 112—6) denied the Attorney General access to grand jury proceedings. (53 Ill. App. 3d 774, 786.) We allowed the State's petition for leave to appeal. 58 Ill. 2d R. 315.

The facts as to Massarella's alleged illegal activities and perjury, set out in the appellate court's opinion, are not relevant to our disposition of the appeal. Pertinent facts will be related as is necessary in the course of the opinion.

The Attorney General acknowledges that the bill of indictment was presented to the grand jury by two assistant Attorneys General and that neither the State's Attorney nor assistant State's Attorneys were present during the presentation. Four days later, on June 12, 1973, and again on June 15, assistant State's Attorneys, representing the People at the arraignments of the defendants, told the court the Attorney General was handling the case. At all subsequent stages of the proceedings, the Attorney General has been representing the State.

Under the Illinois Constitution, the Attorney General is the chief legal officer of the State and has "the duties and powers that may be prescribed by law." (Ill. Const. 1970, art. V, sec. 15; *Environmental Protection Agency v. Pollution Control Board* (1977), 69 Ill. 2d 394.) At common law in England by the 16th century, the Attorney General, as the king's representative, instituted and conducted suits and proceedings for the enforcement of laws in all the courts. (6 W. Holdsworth, History of English Law 461-62, 467 (1924).) In the course of its development, the common law gave to Attorneys General the competence to control all litigation on behalf of the State including intervention in and management of all such proceedings. This encompassed appearances before the grand jury. (*Commonwealth ex rel. Minerd v. Margiotti* (1936), 325 Pa. 17, 188 A. 524; *Margiotti Appeal* (1950), 365 Pa. 330, 75 A.2d 465; 2 Ruling Case Law 915-16

(1929); DeLong, *Powers and Duties of the State Attorney-General in Criminal Prosecution*, 25 J. Crim. L. & Criminology 358 (1934); Note, *Appointed Attorney General's Power to Supresede an Elected District Attorney*, 33 Temple L.Q. 78 (1959). See also *People v. Miner* (1868), 2 N.Y. 396; Note, *The Relationship Between the Attorney-General and the State's Attorney in Illinois*, 1949 U. Ill. L.F. 507; Holdsworth, *The Early History of the Attorney and Solicitor General*, 13 Ill. L. Rev. 602 (1918).) In 1915, *Fergus v. Russel* (1915), 270 Ill. 304, 335-42, held that, under the 1870 Illinois Constitution, the Attorney General not only retained his common law powers and duties but also could not be deprived of them by the legislature. The legislature could only add to the powers. It is beyond dispute that the 1970 Constitution has kept those powers intact. (*E.g., People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485, 500, *Environmental Protection Agency v. Pollution Control Board* (1977), 69 Ill. 2d 394, 399. See also 3 Record of Proceedings, Sixth Illinois Constitutional Convention 1312-16, especially Delegate Lewis' comments at page 1316 regarding the Attorney General's authority "over the prosecution branch of state government, including that of the state's attorneys.") *Fergus v. Russel* still has life. What is before us is the narrow issue of whether, where the State's Attorney has expressed no objection, the Attorney General may properly initiate and prosecute an action including appearing before a grand jury. If so, did the State's Attorney object here?

Although the appellate court looked to sections 4 and 5 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1973, ch. 14, pars. 4, 5), *People v. Flynn* (1940), 375 Ill. 366, and section 112—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 112—6) for guidance, we disagree with its analysis.

By statute among the duties of the Attorney General are:

> "First—To appear for and represent the people of the state before the supreme court in all cases in which the state or the people of the state are interested.
>
> Second—To institute and prosecute all actions and proceedings in favor of or for the use of the state, which may be necessary in the execution of the duties of any state officer.
>
> \*\*\*
>
> Fourth—To consult with and advise the several state's attorneys in matters relating to the duties of their office; and when, in his judgment, the interest of the people of the state requires it, he shall attend the trial of any party accused of crime, and assist in the prosecution." (Ill. Rev. Stat. 1973, ch. 14, par. 4.)

The State's Attorney has among his obligations the duty:

> "(1) To commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned." (Ill. Rev. Stat. 1973, ch. 14, par. 5.)

We are concerned especially with the fourth duty of the Attorney General, the duty to "consult with and advise the several state's attorneys" and "attend the trial \*\*\* and assist in the prosecution." That statutory duty authorizing the Attorney General to advise the State's Attorney and assist the prosecution was the foundation for this court's holding in *People v. Looney* (1924), 314 Ill. 150, 153-54, that the defendant had no basis for objecting to the appearance of the Attorney General before the grand jury where the State's Attorney made no objection.

In *Looney,* the defendants moved to quash an indictment, for conspiracy to furnish gambling equipment, because of the presence of assistant Attorneys General at the grand jury presentment. The trial court denied the motion and this court agreed. *Looney* approvingly cited as authority for its decision *State ex rel. Nolan v. District*

*Court* (1899), 22 Mont. 25, 28-29, 55 P. 916, 917. In that opinion the Montana Supreme Court said there was no "limit whatever to the assistance" which could be given to a county attorney and that when the Attorney General found it necessary to do so "he shall assist the county attorney, and must do so in the discharge of the duties which the county attorney is required by law to perform." (See 314 Ill. 150, 158.) This court concluded that since the Attorney General had the statutory duty to assist the State's Attorney, the Attorney General could properly appear before the grand jury where there had been no objection by the State's Attorney. Accord, *People v. Billburg* (1924), 314 Ill. 182, *People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43, 46-47 (where this court also noted that it had "never viewed the powers vested in the State's Attorney as exclusive of those vested in the Attorney General"), and *People v. Robins* (1975), 33 Ill. App. 3d 634, 637-38. See also Annot., 4 A.L.R.2d 392, 405-06 (1949). *Cf. People ex rel. Elliott v. Covelli* (1953), 415 Ill. 79, and *People ex rel. Hoyne v. Newcomer* (1918), 284 Ill. 315, 323 (where this court noted that the powers of the State's Attorney were not "co-extensive with those of the Attorney General, who is the chief law officer of the State and head of the legal department").

The appellate court, dismissing *Looney,* found this case "resembles" *People v. Flynn* (1940), 375 Ill. 366, "wherein the Attorney General *excluded* the State's Attorney from the grand jury room and took exclusive charge of the prosecution." (Emphasis added.) (53 Ill. App. 3d 774, 785.) It is true, as the appellate court found, that the *Flynn* court *noted* that neither the statutory duty of the Attorney General to assist State's Attorneys nor *Looney* authorized this. However, *Flynn* is not apposite here. First, the record here simply does not indicate exclusion by the Attorney General. The appellate court concedes this. What the record does show is lack of

objection by the State's Attorney and acquiescence by him. The State's Attorney signed the true bill of indictment, as did the Attorney General. At two separate arraignments, assistant State's Attorneys made noncommittal statements that the Attorney General was in charge of the case. These comments do not express, as the defendant urges, exclusion of or objection by the State's Attorney. Second, in *Flynn,* the indictment was quashed, not because the Attorney General was involved, but because it was defective. This court's comments in *Flynn* about the wrongful exclusion of the State's Attorney by the Attorney General were not dispositive but amounted to *dicta.* Note, *The Relationship Between the Attorney-General and the State's Attorney in Illinois,* 1949 U. Ill. L.F. 507, 512.

We believe, then, this case more closely resembles *Looney.* Finding no objection by the State's Attorney, we conclude the Attorney General was within the scope of his statutory duties.

Our final concern is the appellate court's construction of a provision of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 112–6(a)) so as to prohibit the appearance of the Attorney General before the grand jury. The provision is:

> "Only the State's Attorney, his reporter and 'any other person authorized by the court may attend the sessions of the Grand Jury. Only the grand jurors shall be present during the deliberations and vote of the Grand Jury. If no reporter is assigned by the State's Attorney to attend the sessions of the Grand Jury, the court, on petition of the foreman and 11 other grand jurors, may for good cause appoint such reporter."

We have already determined that the Attorney General may assist the State's Attorney to the extent that he may discharge all those powers of the State's Attorney at all stages in a prosecution, including the preliminary proceedings such as presentations to a grand jury, where

the latter does not object. Hence, we do not see a conflict with section 112–6(a). It was not meant to enumerate powers of the State's Attorney but to implement a policy of secrecy of grand jury hearings by excluding unauthorized persons. We find no reason to assume that the Attorney General will be less diligent in guaranteeing their confidentiality. Moreover, the Attorney General has, in some instances, exclusive statutory power to institute and prosecute cases (*e.g.*, section 16 of the Cigarette Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 453.16)) without specific permission to appear before the grand jury in such cases. We do not believe the grand jury provisions can be so narrowly construed as to render the Attorney General's power to initiate and prosecute these cases a nullity. (This is not the first time this court has rejected a literal reading of the grand jury provisions in order to avoid conflict with another statutory provision (*People ex rel. Sears v. Romiti* (1971), 50 Ill. 2d 51, 60-61).) Finally, section 112–6(a) of the Code of Criminal Procedure of 1963 allows "any other person authorized by the court" to attend grand jury sessions. The court here implicitly authorized the Attorney General to attend; otherwise it would have quashed the indictment, since it has supervisory power over the grand jury in order to prevent abuse of its process. *People v. Sears* (1971), 49 Ill. 2d 14, 28.

For the reasons stated we reverse the judgment of, and remand to, the appellate court for consideration of remaining unresolved issues.

*Reversed and remanded,*
*with directions.*

MR. CHIEF JUSTICE WARD, dissenting:

I must dissent from this holding, which could importantly affect criminal prosecutions throughout the State. I judge that the appellate court was correct in concluding that there was fundamental error in the

prosecution "because the Attorney General, improperly and in excess of his authority, instituted the proceedings, presented the cause to the Grand Jury, and entirely conducted the prosecution of the case." 53 Ill. App. 3d 774, 778.

The opinion of the majority states that where the State's Attorney does not object, the Attorney General "may discharge all those powers of the State's Attorney at all stages in a prosecution, including the preliminary proceedings such as presentations to a grand jury." (72 Ill. 2d at 538-39.) It is obviously error to hinge the important determination as to whether the Attorney General, by the State's Attorney's mere failure to object, may assume and discharge the county officer's powers. Section 4 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1973, ch. 14, par. 4) authorizes the Attorney General:

> "To consult with and advise the several state's attorneys in matters relating to the duties of their office; and when, in his judgment, the interest of the people of the state requires it, he shall attend the trial of any party accused of crime, and assist in the prosecution."

Thus, the Attorney General, when in his judgment the interest of the People requires it, may assist in a prosecution. There is nothing in the record to show that the interest of the People here required the assistance of the, staff of the Attorney General or that he considered that it was required. There is no suggestion that the State's Attorney was without personnel to conduct the prosecution or that his office had refused to initiate the prosecution. I wholly agree with the reasons given by the appellate court, in its discussion of the issue, that the above statutory provision does not empower the Attorney General to participate in a prosecution in the absence of any request to do so from the State's Attorney, and that passivity, acquiescence, and mere failure to object by the

State's Attorney does not constitute a request for assistance. The correctness of the appellate court's decision is underscored by the unsuccessful attempt made by the Attorney General to have the legislature amend section 4, which is referred to in the appellate court opinion (53 Ill. App. 3d 774, 784).

The rejected amendment would have authorized the Attorney General to prosecute for offenses involving the collection of taxes (an offense which was prosecuted here), and would have conferred on the Attorney General all of the powers of State's Attorneys in criminal proceedings.

Also, the Attorney General conducted the entire prosecution here. There was not even a profession or claim that he was assisting the State's Attorney. As the appellate court observed, the Attorney General, by his assistants, appeared before the grand jury and at trial unaccompanied by the State's Attorney or any of the latter's staff. On the first arraignment date, an assistant State's Attorney said simply, "This is a matter presented by the Attorney General and the State has no information." At the second arraignment another assistant State's Attorney said, "This is the Attorney General's case." (53 Ill. App. 3d 774, 783.) While the Attorney General has the statutory authority to assist when the interest of the People requires it, here there was a substitution for the State's Attorney, rather than his being assisted. There is nothing to show that the interest of the People required the assistance of the State officer, much less his entirely conducting the prosecution, or that the State's Attorney requested assistance.

It is also highly important to point out that quite apart from the fact that the role played by the Attorney General in the trial here went beyond that of assisting in the prosecution, there is nothing in section 4 which gives him the power to step in before the trial has even begun by attending sessions of the grand jury and presenting evidence to it. Such action is clearly forbidden by section

112—6(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 112—6(a)), which provides:

"Only the State's Attorney, his reporter and any other person authorized by the court may attend the sessions of the Grand Jury. Only the grand jurors shall be present during the deliberations and vote of the Grand Jury. If no reporter is assigned by the State's Attorney to attend the sessions of the Grand Jury, the court, on petition of the foreman and 11 other grand jurors, may for good cause appoint such reporter."

No court authorized any appearance by the Attorney General before the grand jury. I would also note that the foregoing provision is implemented by section 112—6(b) (Ill. Rev. Stat. 1973, ch. 38, par. 112—6(b)), of which no mention is made in the majority opinion, and which provides:

"Matters other than the deliberations and vote of any grand juror may be disclosed by the State's Attorney solely in the performance of his duties. *** Any grand juror or officer of the court who discloses, other than to his attorney, matters occurring before the Grand Jury other than in accordance with the provisions of this sub-section is in contempt of court, subject to proceedings in accordance to law."

The latter reference is obviously directed against those persons who may attend sessions of the grand jury, a class which does not include the Attorney General.

The secrecy of grand jury proceedings serves interests other than those of the Attorney General and the State's Attorney, so that mere acquiescence by the latter in an unauthorized intrusion by the former could not make the intrusion lawful. See *People v. French* (1965), 61 Ill. App. 2d 439, 441-42.

Witnesses before the grand jury, persons who may be the subject of a presentation of evidence to the grand jury or an inquiry by it, and the general public interest are served by the secrecy of grand jury proceedings. This is a

legislative design and it may not be set aside, unless, as the statute provides, the court authorizes persons other than those designated by the legislature to attend grand jury sessions. *People v. Looney* (1924), 314 Ill. 150, on which the majority mistakenly relies, simply did not consider this aspect of the problem. Indeed it could not, as that case was decided in 1924, and the provisions of section 112—6 were not enacted until 1963 (1963 Ill. Laws 2838, 2860).