THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ERNEST DUKE McNEIL, Defendant-Appellee.

First District (2nd Division)   No. 78-239

Opinion filed January 30, 1979.

William J. Scott, Attorney General, of Chicago (Bernard Carey, State's Attorney, of counsel), for appellant.

No appearance for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

On April 2, 1976, two complaints were filed by the Attorney General of Illinois in the circuit court of Cook County, Municipal Department, charging defendant, Ernest Duke McNeil,* with the offense of wilful failure to file Illinois State income tax returns for the years 1973 and 1974. (Ill. Rev. Stat. 1975, ch. 120, par. 13—1301.) The complaints alleged (1) that defendant earned sufficient income in those years to require defendant to file a return, and (2) that defendant wilfully failed to file the required return.

On October 20, 1977, defendant moved to dismiss the complaints on the ground that they had been filed by the Attorney General in contravention of *People v. Massarella* (1977), 53 Ill. App. 3d 774, 368 N.E.2d 507. On November 23, 1977, the State's Attorney of Cook County sent the following letter to the Attorney General:

> "This will acknowledge receipt of your letter of this date wherein you request my authorization for your Office to prosecute the above captioned case. Please be advised that you have such authorization effective immediately.
>
> As you know, I have previously indicated to members of your staff that we will not issue a blanket request for your Office to prosecute revenue matters, and that we will review each case individually. Accordingly, I cannot ratify the 'earlier blanket request' that you referred to since I never agreed to it."

Pursuant to a hearing on defendant's motion, on November 28, 1977, the circuit court, relying upon *People v. Massarella* (1977), 53 Ill. App. 3d 774, 368 N.E.2d 507, granted defendant's motion to dismiss.

The *Massarella* decision of this court was appealed to the Illinois Supreme Court and reversed. (*People v. Massarella* (1978), 72 Ill. 2d 531, 382 N.E.2d 262.) The supreme court stated the issue before it as follows:

> "[W]hether, where the State's Attorney has expressed no objection, the Attorney General may properly initiate and prosecute an action including appearing before a grand jury. If so, did the State's Attorney object here?" (72 Ill. 2d 531, 535.)

However, the supreme court spoke more generally to the concurrent powers of the Attorney General and the State's Attorney when the court stated:

> "We have already determined that the Attorney General may assist the State's Attorney to the extent that he may discharge all those powers of the State's Attorney at all stages in a prosecution, including the preliminary proceedings such as presentations to a

---

* Defendant did not appear or file a brief in this court.

grand jury, where the latter does not object." (72 Ill. 2d 531, 538-39.)

It is clear that the supreme court's opinion in *Massarella* is applicable to proceedings other than presentations to a grand jury.

We note initially that the record does not contain the letter referred to in the State's Attorney's letter heretofore set out, but apparently the Attorney General had previously made a "blanket request" to prosecute criminal cases arising out of the enforcement of the revenue laws and was refused permission by the State's Attorney, who stated that each prosecution would have to be individually reviewed before consent to prosecute would be given the Attorney General. In spite of this caveat, the Attorney General initiated the prosecution at bar without affording the State's Attorney an opportunity to review the same for the purpose of deciding whether the Attorney General should be granted the authority to proceed. Thereafter, the defendant filed a motion to dismiss and raised the propriety of the Attorney General's initiation of prosecution without authority and without the consent of the State's Attorney. The Attorney General, aware of the merit of defendant's motion, immediately wrote to the State's Attorney seeking ratification of its acts to date. Such ratification was refused as was evidenced by the State's Attorney's letter which states "* * * I cannot ratify the 'earlier blanket request' that you referred to since I never agreed to it." The record does not contain the Attorney General's letter which prompted the letter of the State's Attorney but we assume that the Attorney General not only sought authority at this juncture of the prosecution but also approval of its initiation of the prosecution, that is, ratification. The State's Attorney only gave permission as of the date of his letter and we detect a rebuke to the Attorney General, who persisted in initiating the prosecution and, when the propriety of this action was questioned, sought to have the State's Attorney reverse his position and ratify the Attorney General's conduct.

To allow a practice which would enable the Attorney General to initiate and maintain prosecutions without authority and subsequently seek and obtain ratification from the State's Attorney would lead to chaos and confusion and would not promote the efficient administration of justice. The posture of this record leaves this court with no other alternative but to find that the trial court properly dismissed the complaints against defendant. We, therefore, affirm.

Affirmed.

DOWNING and PERLIN, JJ., concur.