THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY E. WOLFE, Defendant-Appellant.

Fourth District   No. 16071

Opinion filed August 15, 1980.—Rehearing denied September 9, 1980.

Larry E. Wolfe, of Sterling, for appellant, *pro se.*

William J. Scott, Attorney General, of Springfield (Steven J. Teplinsky, Assistant Attorney General, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant, Larry E. Wolfe, was charged with two counts of wilful failure to file Illinois income tax returns under the authority of section 1301 of the Illinois Income Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 13—1301).

Defendant was brought to trial and was found guilty by a jury on April 17, 1979.

The basis for the two charges was defendant's failure to file an Illinois income tax return for the years 1975 and 1976. Defendant does not challenge the wilful failure to file. The trial court sentenced defendant to a fine of $150 on count I and $350 on count II. The defendant appeals his conviction, alleging a multitude of errors, including a challenge to proper venue, the power of the Attorney General to prosecute at trial, whether defendant was proved guilty beyond a reasonable doubt, and finally, the constitutionality of the Illinois Income Tax Act.

Section 1301 (Ill. Rev. Stat. 1977, ch. 120, par. 13—1301) provides in pertinent part:

"Any person who is subject to the provisions of this Act and who willfully fails to file a return, * * * or who willfully attempts in any other manner to evade or defeat any tax imposed by this Act or the payment thereof shall, in addition to other penalties, be guilty of a Class B misdemeanor."

It is undisputed that the defendant meets the requirements for a person subject to this Act in that he was at all times pertinent hereto a resident of the State of Illinois and he was required to make tax returns because his income in 1975 was $6,925.95, and in 1976 was $9,451.32, which amounts of income require filing a Federal and State return.

Furthermore, it was undisputed that defendant did not file an Illinois income tax return for the years 1975 and 1976; indeed, defendant admitted it. In other words, the defendant challenges the propriety of the law, not that it does not prohibit his conduct.

The defendant challenges the Illinois Income Tax Act's constitutionality, alleging that he is a merchant and trader at law, as he does not write checks, and that, therefore, he is on a cash basis. The Supreme Court of Illinois, in *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633, clearly held that the Illinois Income Tax Act was constitutional.

■■ Next, it is alleged by the defendant that the Attorney General had no authority to prosecute the cause at trial. We find that contention wholly without merit. The State's Attorney for Sangamon County specifically requested that the Attorney General's special assistant assume primary responsibility for the prosecution of the case. Further, in *People v. Massarella* (1978), 72 Ill. 2d 531, 382 N.E.2d 262, it was held that the Attorney General was authorized to appear on behalf of the State's Attorney where the latter failed to object.

■■ Wolfe was a lifelong resident of Whiteside County, Illinois, and consequently challenges venue in Sangamon County. Again, however, we find defendant's contention without merit because the general rule is that when the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime. (*Johnston v. United States* (1956), 351 U.S. 215, 100 L. Ed. 1097, 76 S. Ct. 739; *United States v. Anderson* (1946), 328 U.S. 699, 90 L. Ed. 1529, 66 S. Ct. 1213. Accord, *People v. Kopman* (1934), 358 Ill. 479, 193 N.E. 516, and *People v. Allen* (1935), 360 Ill. 36, 195 N.E. 478.) It is undisputed that the Illinois income tax return must be filed with the Illinois Department of Revenue in Springfield, Illinois.

Finally, the defendant attacks the sufficiency of service in that the notice for arraignment was sent by mail. However, defendant's

contention is moot because he failed to appear and was then at that point arrested. The defendant does not challenge the sufficiency of the warrant. Accordingly, that issue is waived.

Affirmed.

MILLS, P. J., and WEBBER, J., concur.