*In re* REPORT OF THE GRAND JURY OF MARSHALL COUNTY.—(MAR-
SHALL COUNTY GRAND JURY *ex rel.* EDWARD ZUKOSKY, Petitioner-
Appellant, v. EDWARD E. HAUGENS, Judge, Respondent-Appellee.)

Third District   No. 82—29

Opinion filed July 30, 1982.

Edward Zukosky, State's Attorney, of Wenona (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for appellant.

Donald D. Knuckey, of Henry, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

On November 4, 1981, the Marshall County Grand Jury met in session. After conferring, they came before Circuit Judge Edward E. Haugens, the then presiding judge of Marshall County. The foreman

wanted to file a report approved by a quorum of the grand jury.[1] After reading it, Judge Haugens took the matter under advisement. On December 24, 1981, he issued an order which barred the filing of that report with the Marshall County Circuit Court Clerk. The Marshall County State's Attorney, on behalf of the grand jury, then filed a notice of appeal from that order.

The appellee, Judge Haugens, filed a motion to dismiss the appeal. He maintains the order appealed from is an administrative order which is not final. Thus, Judge Haugens concludes we are without subject matter jurisdiction to entertain this appeal. Appellant filed a response. This motion was taken with the case.

Two questions are presented, both procedural. The first is whether we have an actual case or controversy that may be the subject of an appeal. The second is conditional. If we have a case for resolution, did the report of the grand jury qualify as an official document for filing with the circuit clerk?

The facts in this cause stem from the nature of the grand jury's report. We have a copy of it before us. The report recounts two cultural maladies confronting many counties today: namely, drug and alcohol abuse. In sum, the report recommends:

1. The Marshall County School Board institute drug and alcohol education programs with local police and the State's Attorney's Office.

2. The Marshall County Board permit the sheriff's office to join the "MEG Unit," a multi-county law enforcement cadre.

3. Parents must be reminded to discipline their children.

4. Drug and alcohol use should be deemphasized by the media.

5. The sheriff should get a pay raise and more deputies hired to fight local crime.

Apparently, the grand jury sought to file this general, social document as a blueprint for what it believed were effective methods of alleviating some of the county's ills. The State's Attorney, as petitioner on behalf of the grand jury, contends the grand jury had the authority to make such a report. Consequently, he concludes, the report should have been filed as a public record.

---

[1]Grand jury reports are referred to as indictments or presentments. Both are specific accusations of criminal behavior. An indictment is an accusation, usually prepared by a prosecutor, which is endorsed by a grand jury when it returns a true bill. A presentment is an accusation initiated by the grand jury itself. In modern practice, presentment by a grand jury is rare.

After reading the grand jury report, Judge Haugens determined it was not a true bill of indictment, a no-bill, or report on the conditions of the county jail. In other words, Judge Haugens concluded the report was not within the statutory duties of the grand jury. Therefore, he instructed the circuit court clerk not to permit the filing of such report.

■ Judge Haugens' motion to dismiss is correct. The order forbidding the filing of the report was an administrative ruling. It did not involve the exercise of the court's discretion on a case or controversy. In its present posture, this appeal presents no justiciable controversy. No real adversity exists between the parties. To challenge the nondiscretionary refusal to act of a circuit judge or other public official, an appropriate vehicle is for the petitioner to seek a writ of *mandamus*. Although an extraordinary remedy issued only in the sound discretion of the court, *mandamus* may issue to compel the performance of a nondiscretionary, ministerial duty or act. (*Chicago Association of Commerce & Industry v. Regional Transportation Authority* (1981), 86 Ill. 2d 179, 185.) Such procedure was not followed in this case. Since the order appealed from was administrative and not final, it is not appealable. It does not arise in the context of a case or controversy.

Thus, we rule that the present appeal is not properly before this court. We do not have a case or controversy that is the fit subject of an appeal. In view of the public interest in preserving the integrity and legitimacy of our circuit court records, however, we feel that the second procedural question should be addressed even though such comments constitute *dictum*. That question is whether the report of the grand jury qualifies as an official document for filing with the circuit clerk. We feel that it does not so qualify.

The grand jury, a creature of the common law, originated in England, possibly during the reign of King Henry II. For all practical purposes, England abolished the grand jury 50 years ago. (*In Application of Texas Co.* (E.D. Ill. 1939), 27 F. Supp. 847.) Many jurisdictions within the United States have done likewise. The grand jury, however, endures in Illinois subject to abolition by the Legislature at any time. (Ill. Const. 1970, art. I, sec. 7.) At common law the function of the grand jury was not only to investigate crimes, but also to act as buffer between the prosecutor and the accused so that citizens were protected from unsubstantiated accusations of the government or the personal disdain of the prosecutor. (*United States v. Calandra* (1974), 414 U.S. 338, 343, 38 L. Ed. 2d 561, 568-69, 94 S. Ct. 613, 617.) As part of this common law tradition a grand jury was permitted to issue

specific reports. Also, it had some authority to issue presentments reflecting general social conditions. (*Application of United Electrical Radio & Machine Workers of America* (S.D.N.Y. 1953), 111 F. Supp. 858, 863 n.12.) Some States adopted this rule: others did not. The latter felt such reports should not be made public records since such reports might be considered libellous or jeopardize the secrecy of grand jury proceedings. Also, it was surmised that any person named in the report, although not indicted, might be subjected to what, in effect, was an official accusation of wrongdoing which he could not rebut. By issuing a general presentment with the grand jury's *imprimatur* such a report could subject a person to rebuke and ridicule even though not officially charged with a crime. (*In re Report of Grand Jury* (1927), 152 Md. 616, 622-28, 137 A. 370, 372-74.) The specter of the grand jury's power is thus fearsome and potentially devastating if such general reports are sanctioned.

It is this common law tradition, namely the grand jury's authority to make general reports, which the Marshall County State's Attorney believes must be followed. If this is correct, he concludes, we would overrule Judge Haugens. We disagree with such a conclusion. The common law authority of the grand jury is of largely historical significance. The Illinois Constitution not only gives the General Assembly the right to abolish the grand jury but also to "further limit its (the grand jury's) use." This provision supplants the common law and invests in the legislature the power to enact statutes limiting the common law duties a grand jury performed.

The functions of the grand jury in Illinois are based on statutes promulgated by the Illinois General Assembly. A grand jury may return a true bill of indictment charging a person with a crime or, alternatively, a no-bill. (Ill. Rev. Stat. 1981, ch. 38, pars. 112—4(d), 112—4(e).) It may also report on the conditions of the county jail. (Ill. Rev. Stat. 1981, ch. 75, par. 26.) Only with respect to such statutory functions is a circuit court clerk required to file such reports of the grand jury. (Ill. Rev. Stat. 1981, ch. 38, par. 112—5(a).) True, the grand jury can make general reports such as the one the Marshall County Grand Jury sought to file. In fact, they can make any report they want. But no law exists which requires that every such report must be filed and made records of the circuit courts of this State.

■ A circuit judge, in conjunction with the circuit clerk, has inherent ministerial authority to control the circuit court's recordkeeping. (See *People ex rel. Bier v. Scholz* (1979), 77 Ill. 2d 12, 19-20.) The ministerial character of Judge Haugens' order is further accentuated by the very nature of grand jury proceedings. A grand jury hearing is

not adversarial, but is the initial step to determine whether a case or controversy exists. The grand jury conducts an *ex parte* investigation to ascertain whether criminal proceedings should be commenced. If it believes a case does exist, it returns an indictment and the matter is turned over to the court for trial to be prosecuted by the State's Attorney. If it does not find sufficient facts upon which to conclude a crime has occurred, a bill of indictment is not returned. In such an instance, the grand jury returns a no-bill.

■ The grand jury is an autonomous body which is part of the apparatus of our judicial system. In theory, it is controlled by the judiciary by whom it is called into being. In practice, it is the handmaiden of the prosecutor who serves as its legal advisor. Its members, however, are under the supervisory authority of our circuit courts. (*People v. Massarella* (1978), 72 Ill. 2d 531, 539; *People v. Sears* (1971), 49 Ill. 2d 14, 27.) Its official functions are two: accusatory and investigatory. It has the authority to cause a person to answer criminal charges as well as inquisatorial powers to subpoena persons and documents in its investigation of crimes allegedly committed. Its power is great. In Illinois, each grand jury is established by the circuit court in the county where that court is located. The scope of the grand jury's investigatory power is limited by that court's geographic boundaries and subject matter jurisdiction. The problem this cause presents is whether the grand jury has authority to issue a general report which is unrelated to its statutory delegation of authority. The grand jury has no such authority.

■ As hereinbefore indicated, no statute authorizes a grand jury in this State to file a general report. Nor can we supply such under the ruse of statutory interpretation or otherwise. (Ill. Ann. Stat., 1970 Const., art. I, sec. 7, Constitutional Commentary, at 372-73, (Smith-Hurd 1971).) A grand jury does not have a license to file as circuit court records general reports of social ills.

For the reasons stated, we dismiss the appeal filed by the petitioner, the Marshall County State's Attorney.

Appeal dismissed.

BARRY, P. J., and STOUDER, J., concur.