(Nos. 48964, 48983.—

THE ENVIRONMENTAL PROTECTION AGENCY, Appellee, v. THE POLLUTION CONTROL BOARD *et al.*, Appellants.

*Opinion filed October 5, 1977.*

Roy E. Hofer, of Hume, Clement, Brinks, Willian & Olds, Ltd., of Chicago (Gary M. Ropski, of counsel), for appellant Pollution Control Board.

William J. Scott, Attorney General, of Springfield (George William Wolff, Assistant Attorney General, of Chicago, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The Illinois Pollution Control Board (hereafter Board) appeals from orders entered by the fourth and first districts of the appellate court denying substitution and appointment of outside or private counsel and payment of his fees by the Attorney General. The Board had requested the appointment of private counsel to represent it before the appellate court in cases in which the Environmental Protection Agency (hereafter Agency) had petitioned for review of orders entered by the Board. We allowed the Board's petitions for leave to appeal, and the causes were consolidated. 58 Ill. 2d R. 315.

In the fourth district action (48964), the Agency, represented by the Attorney General, filed a complaint before the Board against Peterson/Puritan, Inc., for allegedly discharging contaminated wastewater in violation of the Environmental Protection Act (Ill. Rev. Stat. 1973, ch. 111½, par. 1001 *et seq.*). The Board ruled it had no jurisdiction, whereupon the Agency filed a petition for review in the appellate court. The Attorney General appeared as counsel for the Board but, upon the Agency's motion to strike his appearance, he moved to withdraw as counsel. The appellate court, noting the Attorney General was "interested" in the case (Ill. Rev. Stat. 1975, ch. 14, par. 6), allowed him to withdraw. In the same order, the appellate court appointed Robert Eggers, an attorney and administrative assistant to one of the Board members, to appear as counsel for the Board. The Board moved to substitute Roy Hofer as counsel when Eggers "could not" represent the Board, but the appellate court denied the motion and gave leave to any Board employee, licensed to practice law, to appear for the Board.

In cause No. 48983, the Attorney General, on behalf of the Agency, filed, with the first district of the appellate court, a petition for review of an order amending certain air pollution control regulations entered by the Board. The chairman of the Board requested the advice of the

Attorney General regarding the appointment of counsel. The Attorney General had previously represented the Board, which had no "in-house counsel." The Attorney General said the Board could represent itself at its own expense. An administrative assistant to a Board member entered an appearance and moved to stay the proceedings until the Board could retain outside counsel. The appellate court allowed the stay but later denied the Board's motion to appoint Roy Hofer as substitute counsel. The Attorney General is a party to neither case, although he represents the Agency in the first district case.

The issue is whether a State agency may employ private counsel to represent it and have his or her fees paid by the Attorney General in the absence of appointment of such counsel by the court or the Attorney General. We believe a State agency may not do so.

At the outset, we are puzzled as to why the real party in interest, Peterson/Puritan, in cause No. 48964, is not before us instead of the Board. The Board is, in fact, a tribunal—not unlike the Industrial Commission, which is only a nominal party on appeal in workmen's compensation cases. However, because neither party has raised the issue and because Peterson/Puritan was the real party in interest in only one of the consolidated cases, we proceed to the question raised.

Article V, section 15, of the 1970 Constitution provides that the Attorney General is the legal officer of the State. It is unnecessary to trace the lengthy history of the powers of the Attorney General, since that has been very recently done in *People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485. It is sufficient to observe that this court has consistently held, under both the 1870 and 1970 constitutions, that the Attorney General is the chief legal officer of the State; that is, he or she is "the law officer of the people, as represented in the State government, and its only legal representative in the courts." (*Fergus v. Russel*

(1915), 270 Ill. 304, 337, which is the seminal case; *Stein v. Howlett* (1972), 52 Ill. 2d 570.) Although there has been criticism of this virtually exclusive grant of power to the Attorney General, this court has not wavered from that view, and critics recognize this is the law. (Comment, *The Illinois Attorney General: Exclusive Legal Counsel for the State?* 1975 U. Ill. L.F. 470, 476-78.) There is also no doubt that this is the law under the 1970 Constitution. 3 Sixth Illinois Constitutional Convention, Record of Proceedings 1312-13; *People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485.

As the chief legal officer of the State, the Attorney General has the constitutional duty of acting as legal adviser to and legal representative of State agencies. He or she has the prerogative of conducting legal affairs for the State. The effect of this grant of power to the Attorney General is that Illinois is served by a centralized legal advisory system. There are, arguably, at least two reasons for this centralization. First, private counsel for State agencies are expensive. (In the instant case, the Board argues that the fees of its private counsel should come from the Attorney General's budget.) Second, centralization is more efficient. Whatever the merits of these arguments, it remains true that the duties of the Illinois Attorney General encompass advising and representing State agencies.

It is noteworthy that neither the legislature nor the judiciary may deprive the Attorney General of his common law powers under the Constitution. (*People ex rel. Elliott v. Covelli* (1953), 415 Ill. 79; *People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43.) In *People v. Illinois Toll Highway Com.* (1954), 3 Ill. 2d 218, this court held constitutional a provision of the State toll highway commission act which gave the Commission power to appoint assistant Attorneys General and to retain special counsel to perform duties which could only be performed

by the Attorney General. The court's rationale was that the Act authorized the Commission to employ assistant Attorneys General *only* with the consent of the Attorney General and to retain special counsel subject to the approval of the Attorney General. Moreover, the Act expressly declared that the Attorney General is the Commission's legal adviser. There was no lessening of the Attorney General's powers or duties.

The Board, at least impliedly, concedes that the Attorney General is its legal adviser and that it has not been legislatively provided with in-house or special counsel. However, it maintains that the Attorney General refused to represent the Board because his representation would have resulted in a conflict of interest and that the appellate court, which in *dictum* found the Attorney General to be "interested" (in cause No. 48964), should have appointed private counsel pursuant to section 6 of "An Act in regard to attorneys general and State's attorneys" (Ill. Rev. Stat. 1975, ch. 14, par. 6).

Section 6 states:

> "Whenever the attorney general or state's attorney is sick or absent, or unable to attend, or is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend, the court \*\*\* may appoint some competent attorney to prosecute or defend such cause \*\*\*."

Initially, it is clear that the appellate court had the discretion to appoint or deny appointment of outside counsel. The specific question is whether the Attorney General was "interested" within the scope of the Act.

The Attorney General denies he was "interested" or had a conflict of interest within the meaning of section 6. Such interest, he contends, exists in only two situations. The first is where the Attorney General is interested as a private individual. (See *People ex rel. Hutchison v. Hickman* (1920), 294 Ill. 471.) The second situation is

where the Attorney General is an actual party to the action. (In *People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485, 500, this court held that in administrative proceedings the Attorney General is the sole officer entitled to represent the Agency. However, the Agency was entitled to independent representation in *Briceland* because the Attorney General had filed the action against the Agency.) We agree with the Attorney General.

The provision of section 6 that special counsel may be appointed where the Attorney General is interested should be limited to the situations above. As discussed before, *Fergus v. Russel* (1915), 270 Ill. 304, and its progeny establish that the Attorney General's powers encompass advising and representing the State and all agencies in all legal proceedings. In addition, although an attorney-client relationship exists between a State agency and the Attorney General, it cannot be said that the role of the Attorney General apropos of a State agency is precisely akin to the traditional role of private counsel apropos of a client. (See *Secretary of Administration & Finance v. Attorney General* (1975), 367 Mass. 154, 159, 326 N.E.2d 334, 336.) Indeed, where he or she is not an actual party, the Attorney General may represent opposing State agencies in a dispute. See *Progressive Party v. Flynn* (1948), 401 Ill. 573, 580; see also *City of York v. Pennsylvania Public Utility Com.* (1972), 449 Pa. 136, 295 A.2d 825, and *Arizona State Land Department v. McFate* (1960), 87 Ariz. 139, 348 P.2d 912; *cf. People ex rel. Scott v. Illinois Racing Board* (1973), 54 Ill. 2d 569.

The Attorney General's responsibility is not limited to serving or representing the particular interests of State agencies, including opposing State agencies, but embraces serving or representing the broader interests of the State. This responsibility will occasionally, if not frequently, include instances where State agencies are the opposing parties. It seems to us that if the Attorney General is to

have the unqualified role of chief legal officer of the State, he or she must be able to direct the legal affairs of the State and its agencies. Only in this way will the Attorney General properly serve the State and the public interest. To allow the numerous State agencies the liberty to employ private counsel without the approval of the Attorney General would be to invite chaos into the area of legal representation of the State.

Accordingly, we affirm the orders of the appellate court.

*Orders affirmed.*