(No. 76-CC-2690–)

ALAN R. MILLER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 3, 1980.*

HOLDERMAN, J.

This case arose as a result of the Speaker of the House of Representatives of the State of Illinois, W. Robert Blair, hiring Claimant to represent him in some extraordinary legal matters other than appearances in Court.

The record discloses that in 1974, the Speaker of the House of Representatives of the State of Illinois was seeking an opportunity to answer various media charges on events that had taken place in the current legislative session.

A representative of Mr. Blair, Speaker of the House of Representatives at that time, contacted the Attorney General's office requesting legal advice and assistance in securing media time in which to answer the alleged charges. According to the affidavit filed by another member of the House who made the contact, the Attorney General informed the Speaker that he did not intend to represent him and if he desired counsel, he should secure someone to represent him, which was done. Claimant was hired and performed certain services for which a bill was submitted in the amount of $5,140.93.

The Attorney General of the State of Illinois filed objections to the payment of said bill on three grounds.

1. That the law relative to statutory contracts in cases where the amount is over $2,500.00 states that a copy of said contract must be filed with the Comptroller. In this instance, the Respondent cited Ill. Rev. Stat. 1977, ch. 127, pars. 132.3, 132.9a, and 132.10. These statutes outline the procedure that must be followed in contracts over $2,500.00.

2. That the Speaker of the House of Representatives, in his official capacity, cannot properly retain the ser-

vices of a private attorney to legally represent him as Speaker, as representation must be by the Attorney General of the State of Illinois.

3. That the alleged contract created an indebtedness which exceeded the amount of funds appropriated for his office.

This question has arisen in the State of Illinois before. Probably the leading case on the subject is that of *Fergus v. Russel,* 270 Ill. 304, 110 N.E. 130, 145. This case was decided in 1915 and is to the general effect that the Attorney General is the sole representative of the various State offices and State agencies. One of the recent cases dealing with this subject is a 1977 case, *The Environmental Protection Agency v. The Pollution Control Board et al.,* 69 Ill. 2d 394. This case laid down the rule that the Attorney General's powers encompass advising and representing the State and all its agencies in all legal proceedings and that the Attorney General must approve any private counsel hired by State agencies. The only exception to this rule seems to be when the Attorney General is interested or there is a conflict of interest, which is covered by Ill. Rev. Stat. 1975, ch. 14, par. 6, which states that "whenever the Attorney General or State's Attorney is sick or absent, or unable to attend, or is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend, the Court may appoint some competent attorney to prosecute or defend such cause."

In the case of *People ex rel. William J. Scott v. Briceland et al.,* 65 Ill. 2d 485, the supreme court reiterates the rule that the Attorney General is the sole officer authorized by the 1970 Constitution to represent the people where the State is the real party in interest. An opinion by Justice Ryan of the supreme court laid down the rule that when the Attorney General is a party to

litigation in which he would ordinarily represent the State office or agency, the Court may appoint special counsel to represent the State office or agency when they otherwise would not be represented.

There is an article in the *University of Illinois Law Forum*, Vol. 1975, No. 3, at page 470 which discusses the Illinois cases and indicates that under certain circumstances where the State office or agency would otherwise be unrepresented, if certain conditions are followed, they can secure counsel.

In a discussion of these cases, it is apparent that "in-house counsel" is acceptable but not in cases of actual litigation.

It appears in the present case that the Speaker would not have adequate legal representation if he had not secured claimant to represent him. There was never a copy of the contract filed and there was not a contract executed. All the evidence discloses is a memorandum, not signed by either Claimant or the Speaker of the House, and the procedure laid down by Illinois Statutes relative to State contracts in amounts over $2,500.00 was not followed.

It appears, therefore, that there not having been a valid contract and the provisions of the statutes not having been followed, the most that can be recovered by Claimant is the amount of $2,500.00.

The Court finds that at the time the Claimant's services were rendered, there was sufficient money in the appropriation to pay for his services.

Award is hereby entered in favor of Claimant in the amount of $2,500.00.