Louis J. HARCEG, Gilbert Farrow, William J. Alter, Donald E. Mason, Jr., John M. Jansky, Kenneth E. Maicke, Corporal Ralph E. Connard, Corporal Thomas W. Gardner, Corporal Stanley F. Iwan, Lieutenant James A. McGarvie, Jr., Stephen L. Bjorkquist, Jimmy W. Bryant, Charles Heinzelmann, Gregory H. Guntharp, Robert J. Schenck, Charles Chostner, Andrew J. Gradowski, Lieutenant Emerson R. Krapf, Corporal Chester Iwan, Corporal Terrence Cashmore, Steve M. Semenek, Daniel J. Dunn, Individually, and on behalf of all others similarly situated, Plaintiffs,

v.

Thomas BROWN, Individually, and as Sheriff of Lake County, the County of Lake, and Donald Krok, as the Chairman of the Merit Commission of Lake County, Defendants.

No. 80 C 6906.

United States District Court,
N. D. Illinois, E. D.

April 8, 1981.

Louis S. Goldstein, Vitell, Greenfield, Johnson, Chicago, Ill., for plaintiffs.

Gary Neddenriep, Asst. State's Atty., Waukegan, Ill., Miles J. Zaremski, Fohrman, Lurie, Sklar, Cottle, Ltd., Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs, twenty-two deputy sheriffs in Lake County, Illinois, brought this action for declaratory, injunctive, and monetary relief on behalf of themselves and all others similarly situated[1] against defendants, Thomas Brown ("Brown") as Sheriff of Lake County, Donald Krok ("Krok") as Chairman of the Lake County Sheriff's Office Merit Commission, and Lake County itself, alleging that the defendants violated plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, as amended, 42 U.S.C. §§ 1983, 1985. Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202.

Plaintiffs allege that Sheriff Brown has harassed, intimidated, disciplined, punished, and otherwise affected their employment without a hearing and in violation of their constitutional rights because plaintiffs exercised their rights of free speech and association and refused to do political work for Brown before and after his election as Sheriff in November, 1978. Plaintiffs further allege that those officers in the Sheriff's office who supported Brown and actively politicked on his behalf have received favored treatment by way of jobs, assignments, and promotions. The complaint also alleges that Krok and the Merit Commission failed to provide a hearing concerning disciplinary actions taken by Brown against the plaintiff deputies and have refused to act on a petition submitted by the plaintiffs requesting that such a hearing be held. Lake County is apparently charged with liability solely based on the actions of its officials, Sheriff Brown and Chairman Krok.

---

1. The complaint contains class allegations pursuant to Fed.R.Civ.P. 23(b)(2), however, a class has not been certified at this time.

There are four motions pending before the Court at the present time. Mr. Miles J. Zaremski of the law firm of Fohrman, Lurie, Sklar, Cottle, Ltd., has moved his appointment as a special state's attorney for the purpose of representing Krok because of an asserted conflict of interest arising from the Lake County State's Attorney's representation of both Krok and Sheriff Brown. Lake County has moved to dismiss the complaint as to itself for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6). Brown has filed a motion to strike or, in the alternative, for a more definite statement pursuant to Fed.R.Civ.P. 12(e) and (f). Finally, the Lake County State's Attorney has filed a motion to dismiss Krok from this case pursuant to Rule 12(b)(6), purportedly on behalf of Krok. These motions will be considered in order below.

*Appointment Of Special State's Attorney*

Mr. Miles J. Zaremski has filed a motion for leave to file an appearance as a special state's attorney on behalf of Krok as Chairman of the Merit Commission. Mr. Fred L. Foreman, State's Attorney of Lake County, Illinois, opposes Zaremski's motion on the ground that as chief legal officer of Lake County he is solely responsible for representing county officials in any litigation to which they are parties. Foreman maintains that there is no conflict of interest in his representation of both Krok and Brown in the case at bar.

In support of his motion on Krok's behalf, Zaremski argues that there is an actual conflict of interest between Krok and Brown with regard to the alleged unlawful political activity in the Lake County Sheriff's office that precludes their joint representation by a single attorney in the instant case. During the past year, Krok and Brown have had several public disagreements as reported in the press regarding allegations of unlawful political activity of certain persons in the Sheriff's office, including the actions of Sheriff Brown himself. In several cases filed in Illinois state court in the past year involving charges of unlawful political activity and alleged polit-

ical firings in the Lake County Sheriff's office, Zaremski has been retained by Krok and the Merit Commission as special counsel while Brown has been represented by the State's Attorney precisely because of the asserted conflict of interest between the parties. *See Schrader v. Krok*, No. 80–CH–296 (Circuit Court of Lake County); *Winstead v. County of Lake*, No. 80–MR–294 (Circuit Court of Lake County). In *Winstead*, Zaremski apparently obtained leave to file his appearance as special counsel on behalf of Krok without objection from State's Attorney Foreman.

As a result of their differing views of the alleged political activity in the Sheriff's office, a considerable animosity and divergence of interest has built up between Krok and Brown. In the instant action, Krok maintains that he would file an answer to the complaint since, in his view, it adequately states a cause of action. The State's Attorney's Office, however, has filed a motion to dismiss the complaint as to Krok for failure to state a claim upon which relief can be granted, apparently without any consultation with the purported client. Thus, even at this preliminary stage of these proceedings, there does not appear to be that identity of interest or cooperation between and among the defendants and the State's Attorney that would justify their joint representation.

■ This Court has the inherent authority to regulate the conduct of the members of the bar who have occasion to practice before it. *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706, 710 (7th Cir. 1976); *Cannon v. U. S. Acoustics Corp.*, 398 F.Supp. 209 (N.D.Ill.1975). After a thorough review of the legal memoranda and other materials submitted by the parties, the Court finds that the Lake County State's Attorney is unable to adequately represent the conflicting interests of both Sheriff Brown and Chairman Krok in the context of this litigation. Accordingly, the Court will allow Mr. Zaremski to file his appearance as special counsel for Krok.

This conclusion is consistent with several letters of opinion[2] issued in recent months by the Lake County State's Attorney himself as well as the Code of Professional Responsibility[3] which binds lawyers for the government no less than lawyers in private practice. *United States v. Velsicol Co.*, No. 80 CR 299, slip op. at 7 (N.D.Ill., January 13, 1981) (Leighton, J.). Moreover, Illinois law provides that "[w]henever the . . . State's Attorney is . . . unable to attend . . . the court where said cause or proceeding is pending may appoint some competent attorney to prosecute or defend such cause or proceeding and the attorney so appointed shall have the same power and authority in relation to such cause or proceeding as the . . . State's Attorney would have. . . ." Ill. Rev.Stat. ch. 14, § 6 (1979).[4]

Accordingly, Zaremski's motion for leave to file his appearance as a special state's attorney on behalf of Krok is granted. It is so ordered.[5]

**2.** In an opinion issued December 19, 1980, Mr. Fred L. Foreman, Lake County State's Attorney, stated that "[t]o the extent that the State's Attorney is authorized to advise both the Sheriff and the Merit Commission, the State's Attorney will do so providing there is no conflict of interest or ethical prohibition." Similarly, in an opinion issued January 9, 1981, Foreman stated:

> In my opinion the Merit Commission is entitled to obtain outside legal counsel when, in connection with the conducting of a hearing on charges brought against certified personnel, the State's Attorney represents the Sheriff, and in any other circumstance in which the State's Attorney fails, refuses, or is unable to provide legal counsel to the Commission and a court determines that the appointment of a Special State's Attorney is warranted.

**3.** *See* Canons 5 and 6 of the Code of Professional Responsibility as well as Ethical Considerations 5–14 through 5–17 and Disciplinary Rules 5–105, 5–107 promulgated thereunder. *See also First Wisconsin Mortgage Trust Co. v. First Wisconsin Corp.*, 584 F.2d 201 (7th Cir. 1978).

**4.** This Court need not speculate as to how an Illinois court would deal with the question presented today. In two recent cases, the Circuit Court of Lake County appointed Zaremski as special counsel to represent Krok because of an asserted conflict of interest between Krok

## Lake County's Motion To Dismiss

Defendant Lake County has moved to dismiss the complaint as to itself on the ground that the complaint fails to state a claim upon which relief may be granted. The county contends that its liability is premised upon the doctrine of respondeat superior which clearly runs afoul of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiffs concede "that the original complaint, which names the County of Lake as a defendant, is inartfully drafted as to the County of Lake, and fails to allege sufficient facts upon which a claim can be based against it." Plaintiffs' Response To Motion To Dismiss at 2, paragraph 1. Plaintiffs, however, request leave to amend their complaint in order to state a valid claim against the county.

Accordingly, Lake County's motion to dismiss is granted and plaintiffs are given ten days from the date of this opinion to amend their complaint. If the complaint, as

and Brown, who was represented by the Lake County State's Attorney. *Winstead County of Lake*, No. 80–MR–294; *Schrader v. Krok*, No. 80–CH–296. The State's Attorney's reliance upon *Environmental Protection Agency v. Pollution Control Board*, 69 Ill.2d 394, 14 Ill.Dec. 245, 372 N.E.2d 50 (1977), is clearly misplaced in the context of the case at bar. In that case, the Illinois Supreme Court was not faced with the appointment of a special state's attorney because of an asserted conflict of interest between two county officials. The court dealt with the narrow issue of when the Attorney General is "interested" in a proceeding within the meaning of Ill.Rev.Stat. ch. 14, § 6, not with the question involved herein of the state's attorney's "inability" to represent conflicting interests within the meaning of that statute. Moreover, unlike the situation in the EPA case, the Lake County State's Attorney agrees that a special state's attorney should be appointed in such conflict of interest situations as presented herein as evidenced by the letters of opinion discussed in note 2, *supra*.

**5.** Since Zaremski has represented to this Court that Krok would file an answer to the complaint rather than indorse the motion to dismiss purportedly filed on his behalf by State's Attorney Foreman, the Court will deny the pending motion to dismiss Krok from this action and allow Krok to file his answer within ten days of this opinion.

amended, still fails to state a valid claim for relief against Lake County, or if the plaintiffs fail to file an amended complaint against Lake County within ten days, the Court will dismiss Lake County from this case with prejudice. It is so ordered.

### Brown's Motion To Strike Or, In The Alternative, For A More Definite Statement

■ Sheriff Brown has moved to strike the complaint under Fed.R.Civ.P. 12(f) or, in the alternative, for a more definite statement pursuant to Fed.R.Civ.P. 12(e). As Brown has not identified any "redundant, immaterial, impertinent, or scandalous matter" in the complaint to which a motion to strike is legitimately directed, within the meaning of Rule 12(f), that portion of his motion is denied. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); 2A Moore's Federal Practice ¶ 12.21 (2d ed. 1980).

■ Brown's motion for a more definite statement pursuant to Rule 12(e) will also be denied since the complaint is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading" Fed.R.Civ.P. 12(e). As the court noted in *American Civil Liberties Union v. City of Chicago*, 431 F.Supp. 25, 29 (N.D.Ill.1976), "[d]efendants have been given sufficient notice of the claim which they will be called upon to defend and will have ample opportunity to use pretrial discovery to define more precisely the disputed facts and issues."

Accordingly, Brown's motion to strike or, in the alternative, for a more definite statement is denied. It is so ordered.