ILLINOIS EDUCATION ASSOCIATION, Plaintiff-Appellant, v. ILLINOIS STATE BOARD OF EDUCATION, Defendant-Appellee.

Fourth District   No. 4—01—0225

Argued November 14, 2001.—Opinion filed January 24, 2002.

COOK, J., dissenting.

Ralph H. Loewenstein (argued), of Loewenstein, Hagen & Smith, P.C., of Springfield, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Brian F. Barov (argued), Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On August 24, 2000, plaintiff, the Illinois Education Association (Association), an Illinois not-for-profit corporation, filed a complaint in the circuit court of Sangamon County against defendant, the Illinois State Board of Education (Board), seeking a declaratory judgment that the Association was entitled to certain documents from the Board under the Freedom of Information Act (FOIA) (5 ILCS 140/1 through 11 (West 1998)). The Association and the Board filed motions for summary judgment. On February 13, 2001, the trial court entered judgment in favor of the Board. We affirm.

On July 17, 2000, the Association delivered to the Board a "Freedom of Information Act Request." The Association sought the disclosure of documents that the Board provided to the Illinois Attorney General (Attorney General) in the course of requesting four Attorney General opinions.

Paragraph 1 of the Association's request sought:

"Any and all materials provided to the Illinois Attorney General's Office by the Illinois State Board of Education with regard to its request for an Attorney General's opinion on the issue of whether Local Professional Development Committees and/or Regional Professional Development Review Committees are subject to the Illinois Open Meetings Act."

The requested materials comprised a letter directed to Attorney General Jim Ryan from Michael J. Hernandez, then general counsel to the

Board. The letter requested an opinion from the Attorney General as to three questions regarding local professional development committees and regional professional development review committees. The Board denied the Association access to the materials pursuant to section 7(1)(n) of the FOIA, "which exempts from disclosure communications between an attorney and a public body that would not be subject to discovery in litigation." Subsequent to the release of the Attorney General's opinion in response to the Board's request, the Board no longer claimed privilege with respect to the materials requested in paragraph 1 of the Association's request.

Paragraph 2 of the Association's request sought:

"Any and all materials provided to the Illinois Attorney General's Office by the Illinois State Board of Education with regard to its request for an Attorney General's opinion on the issue of whether the Illinois State Board of Education can require current teaching certificate holders who apply to exchange their existing certificate for a new Standard Teaching Certificate to answer certain specific questions."

The requested materials did not exist. The Board offered that "no such request for an opinion of the Attorney General was made."

Paragraph 3 of the Association's request sought:

"Any and all materials provided to the Illinois Attorney General's Office by the Illinois State Board of Education with regard to its request for an Attorney General's opinion on the issue of whether the Illinois State Board of Education can require applicants who apply for a new teaching certificate or for renewal of an existing teaching certificate to answer certain specific questions on their application."

The requested materials comprised a letter directed to Attorney General Jim Ryan from Harry A. Blackburn, then acting general counsel to the Board. The letter requested an opinion from the Attorney General as to whether the questions asked of applicants for teaching certificates may be asked when a certificate is renewed. The Board denied the Association access to the materials pursuant to section 7(1)(n) of the FOIA, "which exempts from disclosure communications between an attorney and a public body that would not be subject to discovery in litigation." Subsequent to the release of the Attorney General's opinion in response to the Board's request, the Board no longer claimed privilege with respect to the materials requested in paragraph 3 of the Association's request.

Paragraph 4 of the Association's request sought:

"Any and all materials provided to the Illinois Attorney General's Office by the Illinois State Board of Education with regard to its request for an Attorney General's opinion on the issue of whether

the Illinois State Board of Education and/or the Illinois Teacher Certification Board has authority to hear cases where an applicant for a teaching certificate has been found to be more than 30 days delinquent in payment of child support, has failed to comply with a subpoena or warrant relating to a paternity or child support proceeding and/or has failed to make the certificate required by Section 10—65 of the Illinois Administrative Procedure Act, 5 ILCS 100/10—65."

The Board offered that the requested materials comprise a letter directed to Attorney General Jim Ryan from Respicio F. Vazquez, general counsel to the Board. The letter requests an opinion from the Attorney General as to whether the Board and/or the Illinois Teacher Certification Board has decision-making authority relative to the determination of delinquency in child support payments called for in section 10—65 of the Illinois Administrative Procedure Act (5 ILCS 100/10—65 (West 1998)). The Board denied the Association access to the materials pursuant to section 7(1)(n) of the FOIA, "which exempts from disclosure communications between an attorney and a public body that would not be subject to discovery in litigation."

The Association filed a complaint in the circuit court of Sangamon County against the Board, seeking a declaratory judgment that the Association was entitled to the requested documents from the Board under the FOIA. The Association and the Board filed motions for summary judgment. The trial court entered judgment in favor of the Board. This appeal followed.

■ The issue in this case is whether the FOIA requires the Board to provide to the Association the documents that the Board provided to the Attorney General in the course of requesting an Attorney General opinion. (We note that the requested materials in paragraph 2 did not exist and, further, the Board no longer claimed privilege with respect to the materials requested in paragraph 1 and paragraph 3 of the Association's request.)

"A motion for summary judgment is properly granted when the pleadings, depositions, admissions, and affidavits establish that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. [Citations.] When parties file cross-motions for summary judgment, they agree that (1) no material issue of fact exists; and (2) only a question of law is involved. In such a case, we review *de novo* the trial court's decision." *Subway Restaurants of Bloomington-Normal, Inc. v. Topinka*, 322 Ill. App. 3d 376, 381, 751 N.E.2d 203, 208 (2001).

■ The FOIA provides that "[e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7 of this Act." 5 ILCS 140/3 (West

1998). Section 7(1)(n) provides an exemption for "[c]ommunications between a public body and an attorney or auditor representing the public body that would not be subject to discovery in litigation." 5 ILCS 140/7(1)(n) (West 1998).

■ In *Environmental Protection Agency v. Pollution Control Board*, 69 Ill. 2d 394, 398-99, 372 N.E.2d 50, 51 (1977), the supreme court opined:

"Article V, section 15, of the 1970 Constitution provides that the Attorney General is the legal officer of the State. *** [T]his court has consistently held, under both the 1870 and 1970 constitutions, that the Attorney General is the chief legal officer of the State; that is, he or she is 'the law officer of the people, as represented in the State government, and its only legal representative in the courts.' [Citations.] Although there has been criticism of this virtually exclusive grant of power to the Attorney General, this court has not wavered from that view, and critics recognize this is the law."

■ In defining the attorney-client privilege, the supreme court has stated:

"[W]here legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relating to that purpose, made in confidence by the client, are protected from disclosure by himself or the legal advisor, except the protection be waived." *Fischel & Kahn, Ltd. v. Van Straaten Gallery, Inc.*, 189 Ill. 2d 579, 584, 727 N.E.2d 240, 243 (2000).

Vazquez stated in an affidavit that the letters at issue, requesting an opinion from the Attorney General, were drafted with the intent that they remain confidential. The letters were created to obtain legal advice from the state's chief legal officer, the Attorney General. The Attorney General, by affidavit of Michael J. Luke, bureau chief of the opinions bureau of the Illinois Attorney General, stated that the office of the Attorney General "treat[s] documents relating to pending requests for Attorney General opinions in confidence."

■ The Association argues that "it is important for the [Association] and other members of the public to have access to the requests for opinions [because] it would give interested parties the opportunity to submit supplemental information to the Attorney General so that it would have all of the information necessary to issue a complete and correct opinion." The Attorney General Act (Act) (15 ILCS 205/0.01 through 6a (West 1998)) does not provide for consultation with and advice to "interested parties." The Act provides that the duties of the Attorney General shall be:

"To consult with and advise the governor and other state officers, and give, when requested, written opinions upon all legal or

constitutional questions relating to the duties of such officers respectively." 15 ILCS 205/4 (sixth) (West 1998).

■ The Association argues further that "an Attorney General's opinion is given so much weight by the courts, it is important for the public to know the factual premises that form a basis for the opinion." An Attorney General's opinion is not binding on a reviewing court in this state. *Mulligan v. Joliet Regional Port District*, 123 Ill. 2d 303, 317-18, 527 N.E.2d 1264, 1271 (1988). In *City of Springfield v. Allphin*, 50 Ill. App. 3d 44, 47, 365 N.E.2d 249, 252 (1977), we stated, "An opinion of the Attorney General is not binding on the courts. However, the reasoning in an opinion may be given considerable weight." We note that in *City of Springfield* this court did not base its decision on the Attorney General's opinion even though we found the opinion to be well-reasoned and persuasive. Should there be controversy concerning the issue of whether the Illinois State Board of Education and/or the Illinois Teacher Certification Board has authority to hear cases where an applicant for a teaching certificate has been found to be more than 30 days delinquent in payment of child support, has failed to comply with a subpoena or warrant relating to a paternity or child support proceeding, and/or has failed to make the certificate required by section 10—65 of the Illinois Administrative Procedure Act (5 ILCS 100/10—65 (West 2000)), an Attorney General's opinion may be considered. At the same time, the party disagreeing with the opinion has fair and full opportunity to attack its merit.

In light of our decision, we need not address the Association's remaining argument referencing the mootness doctrine.

For these reasons, we affirm the judgment of the circuit court of Sangamon County.

Affirmed.

TURNER, J., concurs.

JUSTICE COOK, dissenting:

I respectfully dissent. I would hold that the Board has no attorney-client relationship with the Attorney General in this case that justifies its refusal to turn over its requests for Attorney General's opinions. Although the Board has voluntarily turned over the requests in this case that resulted in opinions, it takes the position that it is not required to do so. The question presented is accordingly a broad one: whether a public body which requests an opinion from the Attorney General may ever be forced to disclose that request under the FOIA.

Perhaps there is some reason why the Attorney General should be

able to decline requests for opinions. In this case, however, it is not the Attorney General, but the public body, which refuses the request. The reason for refusal has nothing to do with the process of issuing Attorney General opinions. Instead, the refusal is based on the standard attorney-client privilege enjoyed by every citizen. It seems a real stretch to say that the same attorney-client relationship that exists between a lawyer and his client in traffic court also exists when a public body asks the Attorney General for an opinion.

I have no doubt that public bodies may in some cases assert that the Attorney General is their lawyer and that an attorney-client privilege exists. After the Attorney General entered his appearance for the Board in this case, for example, I am confident that his discussions with the Board about the pending case were covered by the privilege. Where there is no pending case, however, and only a request for an opinion, the situation seems much different. The body making a request for an opinion may have no adversarial position and may seek only an understanding of an issue of law. There is a difference between the published opinions of the Attorney General and the private advice he gives litigants whom he is representing in a court proceeding.

The FOIA imposes a broad requirement that the public body involved here, the Board, make available its public records. The FOIA does not require a showing of cause for such records, but there does seem to be a reason for the disclosure of requests such as those in this case. Attorney General opinions can be read with more understanding if the requests to which those opinions respond are examined. Given the breadth of the language of the FOIA requiring disclosure, we should be hesitant to read the attorney-client privilege so as to swallow up the duty to disclose.

Is the Attorney General just representing his client when he issues an opinion? The Board (or perhaps the Attorney General) attempts to have it both ways. It argues that Attorney General opinions are not binding on the courts, and seems to dispute the proposition that Attorney General opinions are given great weight by the courts. The Board/Attorney General then argues:

> "This is not to say that the Attorney General's opinion should be anything less than a full and objective assessment of the law. The Attorney General in issuing formal opinions endeavors to correctly determine the law and does not just provide opinions to agency officials that are convenient, popular, or agreeable."

The Attorney General does occupy a unique role when he publishes his opinions. He is not just another lawyer advising his client. We should not stretch the attorney-client privilege to the breaking point in order to justify a refusal to apply the FOIA in this case.