2016 IL App (3d) 150336

Opinion filed December 19, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2016

| | | |
|---|---|---|
| STATE OF ILLINOIS, *ex rel.* STEPHEN T. SAPORTA, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Relator-Appellant, | ) ) | |
| v. | ) ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Subsidiary of MERSCORP, INC., a Delaware corporation; DOE DEFENDANTS A-ZZZ, *et al.*, an Illinois municipal corporation, *et al.*, | ) ) ) ) ) ) ) | Appeal No. 3-15-0336 Circuit No. 11-L-447 |
| Defendants, | ) ) | |
| and | ) ) | |
| STATE OF ILLINOIS, | ) ) | |
| Appellee. | ) ) ) | The Honorable John Anderson, Judge, presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Carter and Wright concurred in the judgment and opinion.

OPINION

¶ 1       The plaintiff, the State *ex rel.* attorney Stephen T. Saporta (Relator), filed a *qui tam* action[1] against Mortgage Electronic Registration Systems, Inc. (MERS) and unnamed defendants, including entities that originated and/or serviced certain home loans, alleging that the defendants knowingly made false statements in certain mortgage documents in order to avoid paying millions of dollars in mortgage assignment fees to the State's counties. The State elected not to take over the Relator's action, but later filed a motion to dismiss the action, which the circuit court granted. On appeal, the Relator argues that the circuit court erred when it (1) granted the Attorney General's motion to dismiss; (2) ruled that the Attorney General's motions to reconsider and for a protective order were moot; and (3) denied his motion to disqualify the Attorney General due to a conflict of interest. We affirm.

¶ 2                          FACTS

¶ 3       The Relator filed this *qui tam* action on June 3, 2011, claiming, *inter alia*, that the "Defendants filed with the County Recorder of Deeds Offices of this state purported 'Mortgage' documents with what purported to be self-executing language of assignment in order to avoid payment in full of all recording fees reflecting the establishment and/or transfer of secured interests in real property in the State." The complaint alleged that the mortgage documents contained language that designated MERS as the legal nominee of the lenders, their successors,

---

[1] A *qui tam* action "is an action brought by an informer, under a statute which establishes a penalty for the commission or omission of a certain act, and provides that the same shall be recoverable in a civil action, part of the penalty to go to any person who will bring such action and the remainder to the state or some other institution." Black's Law Dictionary 1251 (6th ed. 1990). "*Qui tam*" is an abbreviation for a Latin phrase, which essentially means that an individual is bringing the lawsuit on behalf of the state as well as herself or himself. *Id.*

and their assigns. The complaint also alleged that the Relator requested information from the State's county recorders in April 2011, 18 counties either objected to the request or failed to respond, 76 counties reported not collecting separate recording fees from these mortgage documents, and only 8 counties reported that they collected separate recording fees from these mortgage documents. Further, the complaint alleged that the defendants' knowing failure to pay these recording fees violated section 3(a)(1)(G) of the Illinois False Claims Act (Act) (740 ILCS 175/3(a)(1)(G) (West 2010)).

¶ 4       The Attorney General notified the circuit court by motion on January 13, 2014, that the State was declining to take over the case from the Relator. Citing to the Act, the Attorney General also requested, *inter alia*, that all of the pleadings, orders, and notices of appeal filed in the case be served upon it. Two days later, the circuit court granted the Attorney General's motion and granted the various requests aimed at protecting the State's interest in the case.

¶ 5       On June 25, 2014, the circuit court entered an order at the Relator's request that required the State to turn over its investigative file related to MERS' business practices for an *in camera* inspection.

¶ 6       Within three weeks of receiving that order, the Attorney General filed a motion to dismiss the Relator's case. The Attorney General also filed a motion for entry of a protective order and reconsideration of the court's June 25, 2014, order.

¶ 7       On March 25, 2015, the Relator filed a motion to disqualify the Attorney General. The motion alleged that some potential defendants, including banks, sponsored an awards dinner on March 24, 2011, that honored the Attorney General. The Relator claimed that this created a conflict of interest such that the Attorney General should be precluded from intervening in the case. A press release from the Neighborhood Housing Services of Chicago, Inc., was appended

to the motion and stated, in relevant part, that the Attorney General "was honored with the NHS Community Advocacy Award for her work on initiating and drafting key legislation aimed at protecting homeowners from predatory lending and mortgage fraud." The dinner had taken place over two months prior to the filing of the *qui tam* complaint and four years prior to the filing of the Relator's motion to disqualify.

¶ 8        The circuit court denied the Relator's motion on March 31, 2015. The court ruled that the motion to disqualify was untimely because the Relator stated he had known of the alleged conflict for years. The court stated that the Relator therefore had waived the issue, and that even without the waiver, the motion was without merit.

¶ 9        On the same day, the circuit court granted the Attorney General's motion to dismiss and ruled that the Attorney General's motions for entry of a protective order and reconsideration were accordingly moot.

¶ 10        The Relator appealed.

¶ 11                                ANALYSIS

¶ 12        The Relator's first argument is that the circuit court erred when it granted the Attorney General's motion to dismiss.

¶ 13        A dismissal of a *qui tam* action pursuant to section 4(c)(2)(A) of the Act (740 ILCS 175/4(c)(2)(A) (West 2010)) is akin to a motion to dismiss brought pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)) in that the motion alleges a defense that defeats the claim; our review of such a dismissal is therefore *de novo*. *Cf. State ex rel. Beeler, Schad & Diamond, P.C. v. Target Corp.*, 367 Ill. App. 3d 860, 864 (2006). Furthermore, to the extent that this issue presents a question of statutory interpretation, our review is *de novo*. *Andrews v. Kowa Printing Corp.*, 217 Ill. 2d 101, 106 (2005).

4

¶ 14       Section 3(a)(1)(G) of the Act creates liability for anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State." 740 ILCS 175/3(a)(1)(G) (West 2010).

¶ 15       Private persons are authorized to bring civil actions on behalf of the State for violations of section 3 of the Act. 740 ILCS 175/4(b) (West 2010). The State has 60 days from the filing date to elect whether to intervene and proceed with the action. 740 ILCS 175/4(b)(2) (West 2010). Specifically, the State can either elect to take over the action or "notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action." 740 ILCS 175/4(b)(4)(A), (B) (West 2010). Further, in relevant part, section 4 of the Act gives the State the following options:

"(c) Rights of the parties to Qui Tam actions.

(1) If the State proceeds with the action, it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action. Such person shall have the right to continue as a party to the action, subject to the limitations set forth in paragraph (2).

(2)(A) The State may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the State of the

5

filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.

* * *

(3) If the State elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action. If the State so requests, it shall be served with copies of all pleadings filed in the action and shall be supplied with copies of all deposition transcripts (at the State's expense). When a person proceeds with the action, the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the State to intervene at a later date upon a showing of good cause." 740 ILCS 175/4(c) (West 2010).

¶ 16    The Relator claims that under section 4(c), the State can only file a motion to dismiss the action if it has elected to proceed with the action. We disagree.

¶ 17    In *Scachitti v. UBS Financial Services*, 215 Ill. 2d 484, 505-06 (2005), our supreme court explained the process described in section 4(c) of the Act as follows:

"When the Attorney General intervenes, the Attorney General assumes 'primary responsibility for prosecuting the action,' and the *qui tam* plaintiff has a right to continue as a party in the case, subject to certain limitations. 740 ILCS 175/4(c) (West 2002). The Attorney General may dismiss or settle the action at any time 'notwithstanding the objections of the person initiating

6

the action.' 740 ILCS 175/4(c)(2)(A), (c)(2)(B) (West 2002). The Attorney General may also restrict the *qui tam* plaintiff's participation in the action. 740 ILCS 175/4(c)(2)(C) (West 2002).

If the Attorney General declines to proceed with the action, the *qui tam* plaintiff has the right to proceed, and the Attorney General may later intervene. 740 ILCS 175/4(c)(3) (West 2002). The Attorney General has the right to monitor the action and receive copies of all pleadings and deposition transcripts. 740 ILCS 175/4(c)(3) (West 2002). In the event 'certain actions of discovery by the person initiating the action would interfere with the State's investigation or prosecution of a criminal or civil matter,' the Attorney General may seek a stay of discovery or simply exercise the Attorney General's ultimate authority and dismiss the *qui tam* action. 740 ILCS 175/4(c)(2)(A), (c)(4) (West 2002)."

¶ 18     The State is the real party in interest in *qui tam* actions—*qui tam* plaintiffs, acting as statutorily designated agents for the state, may proceed only with the consent of the Attorney General and remain completely subordinate to the Attorney General at all times. *Scachitti*, 215 Ill. 2d at 515. Further, the Attorney General possesses the authority to control the *qui tam* action at every stage. *Id.* at 510-11. We believe it is clear from section 4(c) and our supreme court's interpretation in *Scachitti* that the State can file a motion to dismiss at any time during the life of the action, even if the State has elected not to take over the action. 740 ILCS 175/4(c) (West

7

2010); *Scachitti*, 215 Ill. 2d at 505-06. Accordingly, we hold that the circuit court did not err when it granted the Attorney General's motion to dismiss.

¶ 19     The Relator's second argument is that the circuit court erred when it ruled that the Attorney General's motions to reconsider and for a protective order were moot. The Relator acknowledges that this argument is predicated on his first argument. Because we have ruled that the circuit court did not err when it granted the Attorney General's motion to dismiss, there is no need to address the Relator's second argument.

¶ 20     The Relator's third argument is that the circuit court erred when it denied the Relator's motion to disqualify the Attorney General due to an alleged conflict of interest.

¶ 21     We review a circuit court's ruling on a motion to disqualify an attorney for an abuse of the court's discretion. *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 176 (1997).

¶ 22     There are two situations in which the Attorney General has a conflict of interest in a case: (1) the Attorney General is interested in the case as a private person; and (2) the Attorney General is a party to the action. *Environmental Protection Agency v. Pollution Control Board*, 69 Ill. 2d 394, 400-01 (1977). Neither of those situations exists in this case. The Attorney General's sole role in this action is that of counsel for the State. Accordingly, we hold that the circuit court did not err when it denied the Relator's motion to disqualify the Attorney General.

¶ 23                                   CONCLUSION

¶ 24     The judgment of the circuit court of Will County is affirmed.

¶ 25     Affirmed.